ACCEPTED
14-15-00194-CV
FOURTEENTH COURT OF APPEAL
HOUSTON, TEXAS
4/16/2015 10:04:18 AM
CHRISTOPHER PRIN
CLERK

NO. 14-15-00194-CV

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
4/16/2015 10:04:18 AM
CHRISTOPHER A. PRINE
Clerk

IN THE COURT OF APPEALS FOR THE FOURTEENTH JUDICIAL
DISTRICT OF TEXAS

## VICNRG LLC,
**Appellant**

**v.**

## FCSTONE, LLC, FCSTONE TRADING, LLC, & FCSTONE GROUP, INC.,
**Appellees**

Appeal from the 334th District Court at Harris County, Texas
Cause No. 2013-05124B
The Hon. Grant Dorfman, presiding

## APPELLANT'S RESPONSE TO APPELLEES' MOTION TO DISMISS FOR LACK OF JURISDICTION

Peter F. Bagley
Texas Bar No. 00783581
BLUMBERG & BAGLEY, L.L.P.
2304 W. I-20, Ste. 190
Arlington, Texas 76017
817.277.1500
817.277.1170 (facsimile)
peter@blumbergbagley.com
ATTORNEYS FOR APPELLANT

1

TO THE HONORABLE COURT OF APPEALS

Appellant VicNRG LLC ("VicNRG") files this, its Response to Appellees' Motion to Dismiss for Lack of Jurisdiction, and in support of the same would respectfully show the Court the following:

Appellees FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (collectively, "FCStone") obtained an interlocutory summary judgment dated August 1, 2014 in Cause No. 2013-05124 (the "parent case") that disposed of VicNRG's claims against FCStone. *App. 5.*[1] Later the trial court granted FCStone's motion for severance, signing an order of severance on October 29, 2014. *App. 7-10, 18-22.* FCStone contends that the order of severance operates as a final judgment in the severed case, which is designated Cause No. 2013-05124B (the "B case") and that VicRNG's appeal here, filed on February 20, 2015,[2] is untimely. *App. 24-25.*

However, FCStone cannot hermetically seal the order of severance from the record of this case while claiming the order is final. The order of severance does not contain language that makes it unmistakably clear that

---

[1] Because the district clerk has not transmitted the clerk's record to the Court of Appeals, VicNRG has attached the relevant documents in the attached Appendix, which are authenticated by the Declaration of Peter Bagley. *App. 3.*

[2] Although VicNRG styled its notice of appeal as a "Conditional Notice of Appeal," the notice triggered the appellate court's jurisdiction regardless of how it is described. See Tex. R. App. P. 25.1; *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding).

the order is a final one. It contains no such words as *final* or *appealable*, to say nothing of a Mother Hubbard clause. *App. 18-22.* But when one looks at the record as a whole, the intent of the trial court, and actions of the clerk (as required by applicable law), it becomes abundantly clear that the order signed October 29, 2014 is interlocutory. Meanwhile, the trial court signed a final judgment on March 10, 2015 that finally disposed of the B case. *App. 27.*

## Applicable Law

Without a conventional trial on the merits, a judgment is not presumed to be final. *Houston Health Clubs, Inc. v. First Court of Appeals,* 722 S.W.2d 692, 693 (Tex. 1986) (orig. proceeding). A final judgment is one that disposes of all parties and all issues in a lawsuit so that no future action will be necessary to settle the controversy. *Id.*; *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2000). A final judgment must also be certain so that it can be enforced by writ of execution. *H.E. Butt Grocery Co. v. Bay, Inc.,* 808 S.W.2d 678, 680 (Tex. App.—Corpus Christi 1991, writ denied). A judgment must be such that ministerial officers can carry the judgment into execution without ascertaining additional facts. *Id.* The form of the judgment is not controlling as long as there is certainty in the result achieved. *Int'l Sec. Life Ins. Co. v. Spray,* 468 S.W.2d 347, 350 (Tex. 1971).

FCStone is correct that as a general rule, the severance of an interlocutory judgment into a separate cause may make it final. But this is not true in every instance. For example, an order of severance is not final when the order expressly contemplates other action. See, e.g., *Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.,* 63 S.W.3d 795, 795 (Tex. 2001); *Doe v. Pilgrim Rest Baptist Church,* 218 S.W.3d 81, 82 (Tex. 2007) (holding that the severance order contemplated assignment of the case on the docket and compliance with the district clerk's procedures [the payment of a filing fee]); *In the Interest of S.A.A.,* No. 2-08-080-CV, 2008 Tex. App. LEXIS 3428, at *2 (Tex. App.—Fort Worth May 8, 2008, no pet.) (mem. op.) (holding that the order of severance called for additional action by mentioning that the separate action would proceed to a final judgment).

In *Lehmann,* the Texas Supreme Court made clear that an order is not final unless it actually disposes of all parties and claims or it contains language that expressly disposes of all parties and claims. *Lehmann,* 39 S.W.3d at 200. In a consolidated case, the Supreme Court held that certain orders granting summary judgment containing Mother Hubbard clauses (specifically, "all relief not expressly granted is herein denied") were insufficiently clear to give them sufficient indicia of finality for purposes of

appeal. *Id.* at 200. The Supreme Court noted that litigants should be able to recognize when a judgment purports to be final on its face and treat it as final for purposes of an appeal. *Id.* at 202. If the intent to finally dispose of a claim is not unequivocally expressed in the words of the order itself, then finality must be determined from the intention of the court and the record as a whole, aided on occasion by the conduct of the parties. *Id.* at 203. Thus, finality sometimes turns on the facts of a case.

For instance, a closer reading of an order may indicate that it is not final. See, e.g., *Martinez v. Humble Sand & Gravel*, 875 S.W.2d 311, 313 (Tex. 1994) (holding that a severance order was not final because it contained handwritten notes that suggested that additional defendants could themselves file motions for summary judgment and be added into the severed case). Sometimes a closer look at the record, and particularly the court's intent, may reflect that a particular case is not final. See, e.g., *In the Interest of J.D.*, 304 S.W.3d 522, 525 (Tex. App.—Waco 2009, no pet.) (holding that because the court's intent controls, the court's expression that an intervention was still active meant the judgment was not final and appealable); *Flores v. Sandoval*, No. 01-02-01197-CV, 2004 Tex. App. LEXIS 4181, at *6 (Tex. App.—Houston [1st Dist.] May 6, 2004, no pet.) (mem. op.) (noting that the order at issue—like the one in this case—did not

expressly indicate that it disposed of all parties and all claims and holding that because it failed to take into account the presence of another party, it was not final); *Phillips v. Baker*, No. 14-02-01099-CV, 2002 Tex. App. LEXIS 8568, at *3 (Tex. App.—Houston [14th Dist.] Dec. 5, 2002, no pet.) (not designated for publication) (holding that a judgment was not final because it did not dispose of all parties and because the clerk's letter assigning the appeal indicated that there was no final judgment); *Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that the summary judgment was not final because it did not dispose of a claim for relief seeking attorneys' fees).

## Application of the Law to the Facts

**By signing a final judgment, the trial court did exactly what FCStone asked it to do.**

**1.      FCStone moved the trial court to sign a final judgment.**

On October 6, 2014 FCStone filed its unopposed motion to sever VicNRG's claims against it in the present case. *App. 7-16.* FCStone's motion expressly indicates that its purpose was to permit the entry of a final and appealable judgment. *Id. at 7.* FCStone specifically asked the trial court to sever VicNRG's claims and further requested that it "sign a Final Judgment

in the severed case making the Interlocutory Order granting summary judgment entered herein final." *Id. at 8.* In addition FCStone attached a proposed "final judgment." *Id. at 16.* The language of the proposed judgment states that the judgment is "final and disposes of all claims and parties." *Id.*

Alongside the final judgment, FCStone submitted a form of a proposed order of severance that listed certified copies of documents to be included in the severed case. *Id. at 11-15.* When VicNRG noticed that the list of documents left off some additional documents that VicNRG deemed necessary to be included in an appellate record for an appeal of the severed case, VicNRG asked that additional records be included in the file for the severed case. *App. 66-69.* On October 29, 2014 the trial court signed an order of severance creating the B case that included the requested docketed items. *App. 18-22.*

## 2. The order of severance standing alone is not final.

Significantly, the order of severance contains no language that suggests that the order is final and appealable. *Id.* Thus, there is no certainty in the result it achieved and one must inevitably look to the trial court's intent and the record as a whole to determine if it is final. *Lehmann,* 39 S.W.3d at 194. The court clerk could not have issued a writ of execution

for FCStone as the prevailing summary judgment movant to recover its court costs, had it chosen to do so, without looking at the record as a whole to determine if the order of severance was final. See *H.E. Butt Grocery Co.,* 808 S.W.2d at 680. To determine finality, one must examine the parties' pleadings, FCStone's motion for summary judgment, and the order granting the summary judgment to realize that the summary judgment disposed of all of VicNRG's claims against FCStone and that FCStone had no counterclaims against VicNRG. However, anyone examining this record would also see that FCStone further moved the trial court to engage in one additional future action to conclude the newly severed case—the signing of a final judgment that is distinct from the order of severance. *App. 7-8.*

### 3.    FCStone limited the effect of the order of severance.

By asking the trial court to carry out the additional act of signing a final judgment, FCStone limited the effect of the order of severance and made finality in the severed case contingent upon the trial court's signing of a final judgment. After the trial court signed the order of severance, FCStone did not modify its motion to sever by withdrawing its request for a final judgment or by notifying the trial court that it required no additional action from the court. Thus, whatever effect the order of severance might

have had, its effect was conditional and dependent upon the trial court signing the final judgment at issue.

Evidently, the trial court agreed. On February 4, 2015 VicNRG filed a motion for entry of a final judgment.[3] *App. 29-76*. A hearing was held on VicNRG's motion on February 20, 2015, and the trial court signed a final judgment on March 10, 2015, hence doing the very thing that FCStone had asked the trial court to do in the first place. *App. 27.*

Therefore, FCStone is not in a position to challenge the trial court for doing what it previously requested. Moreover, the doctrine of judicial estoppel prevents FCStone from complaining of the court's action below. Judicial estoppel precludes a party who successfully maintained a position in one proceeding from adopting an inconsistent position in another position to obtain an unfair advantage. *Ferguson v. Building Materials*

---

[3] Besides arguing that the order of severance did not operate as a final judgment, VicNRG also argued that the trial court should extend the appellate deadlines under Texas Rule of Civil Procedure 306a(5) because VicNRG did not get notice that FCStone deemed the order of severance to operate as a final order (as distinguished from the proposed final judgment that it submitted) until VicNRG's counsel spoke with FCStone's counsel about this matter on January 21, 2015, a date falling within ninety days of the date of the order of severance. *App. 35-36*. VicNRG argued that upon learning of FCStone's view of the order of severance as final, its postjudgment deadlines should be extended under rule 306a(4) to enable VicNRG to file a notice of appeal, which VicNRG did on February 20, 2015, a date occurring within thirty days of this communication. *Id.* See also *John v. Marshall Health Serv.,* 58 S.W.3d 738, 741 (Tex. 2001) (holding that the clock on counting down the court's plenary jurisdiction does not start until the notice date); *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993) (the post-judgment deadlines start from the date of notice as long as notice of judgment is received within 20 to 90 days of judgment). However, because the trial court did not sign an order granting this motion, it was apparently denied by implication.

*Corp.*, 295 S.W.3d 642, 643 (Tex. 2009). The purpose of the doctrine is to prevent intentional self-contradiction "to prevent the parties from playing fast and loose with the judicial system for their own benefit." *Id.* See also *Winspear v. Coca-Cola Refreshments, USA, Inc.*, No. 05-13-00712-CV, 2014 Tex. App. LEXIS 3881, at *13 (Tex. App.—Dallas Apr. 9, 2014, pet. denied) (mem. op.); *N.H. Ins. Co. v. Magellan Reinsurance Co.,* No. 02-12-00196-CV, 2013 Tex. App. LEXIS 5437, at *13-14 (Tex. App.—Fort Worth May 2, 2013, no pet.) (mem. op.).

In the parent case, FCStone took the position that the trial court should sign an order of severance and enter a separate final judgment to make the severed case appealable. In the severed case, however, FCStone inconsistently argued that the order of severance operated as a final order and that the trial court did not have to sign the final judgment, perhaps indicating that FCStone intended its request to operate as a trap designed to cause VicNRG to miss its appellate deadlines. But FCStone should not be allowed to play "fast and loose with the judicial system" for its own benefit, and it should not be allowed to object to the very thing it asked the trial court to do below.

**The trial court and the court clerk treated the order of severance as interlocutory.**

Furthermore, the background of this case shows that the trial court and the court clerk viewed the order of severance not as final, but as interlocutory as reflected below:

1.  The clerk's transmittal form creating the B case listed the case as "pending," as distinguished from "final" or some other designation. *App. 75.*

2.  The Harris County District Clerk's website continued to show the B case as an active case. *App. 76.*

3.  A district clerk employee informed VicNRG's counsel on January 5, 2015 that the case remained an open case and that the trial court would need to sign the final judgment to close the case. *App. 32 (¶8).*

4.  When VicNRG filed its notice of appeal, the Harris County District Clerk treated the appeal as interlocutory, triggering the deadlines for accelerated appeals of interlocutory orders. *App. 78-79, 81-84 (¶2).*

5.  The trial court eventually signed a final judgment on March 10, 2015. *App. 27.*

6.      The trial court treated another case that was previously severed from the same parent case as this one as interlocutory. VicNRG obtained an interlocutory default judgment against other defendants in the parent case on June 24, 2013. *App. 40-43.* These defendants were severed out of the parent case on November 7, 2013 and transferred to the companion case designated cause number 201305124A (the "A case"). *App. 44-47.* Like the order of severance at issue here, the order of severance for the A case contains no language indicating that it is final and appealable. *Id.* The clerk's transmittal form creating the file for the A case listed it as a pending case, and the Harris County District Clerk's website continues to show the A case as an active case. *App. 49, 76.* Moreover, the trial court sent VicNRG a notice dated June 26, 2014 requesting that it seek entry of a judgment in the A case or file a motion to retain. *App. 50.* In response VicNRG filed a motion to retain on July 18, 2014, and the trial court signed an order of retention on September 18, 2014, a date more than ten months after the A case was created by order of severance and approximately one month before the trial court signed an order of severance in the B case. *App. 51-54, 55.*

As previously noted, the trial court's view that a particular order is interlocutory is sometimes apparent when it takes certain action after signing the order. See, e.g., *Shamoun v. Cisco Sys. Capital Corp.,* No. 2-07-449-CV, 2008 Tex. App. LEXIS 5191, at *3 (Tex. App.—Fort Worth Jul. 10, 2008, no pet.) (mem. op.) (noting that the trial court treated the order of severance as interlocutory by setting a joint status conference); *Yazdchi v.*

12

*Bennett Law Firm, P.C.,* No. 14-01-00928-CV, 2002 Tex. App. LEXIS 3973, at *1 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd) (mem. op.) (pointing out that the trial court set a matter for trial after signing a judgment confirming an arbitration award); *Sheerin v. Exxon Corp.*, 923 S.W.2d 52, 55 (Tex. App.—Houston [1st Dist.] 1995, no writ) (noting that the trial court signed certain orders after signing a summary judgment).

In the case below the trial court's intent to limit the effect of the order of severance is evidenced by the fact it signed the final judgment. Moreover, the court clerk here, like the court clerk in *Phillips,* suggested to VicNRG that no final judgment had been entered in this cause before the trial court signed the March 10, 2015 judgment. *Phillips,* 2002 Tex. App. LEXIS 8568, at *4.

Before all of this, VicNRG's counsel had periodically contacted the trial court to inquire about the status of the case. *R.R. 8 (ll.3-7), 19 (ll.1-4).* VicNRG had meanwhile expected the trial court to sign a final judgment given that the trial court and the court clerk treated the order of severance as interlocutory and because FCStone contemplated that the B case would proceed to a final judgment to make it final and appealable. VicNRG reasonably relied on these things to support its belief that its appellate

13

deadlines would start upon the signing of a final judgment and not entry of the order of severance.

**Texas law favors preservation of the right of appeal over overly technical reading of laws.**

The Texas Supreme Court instructs that courts should avoid a construction of an order that denies a party the right of appeal. *Lehmann*, 39 S.W.3d at 203 (holding that the right of appeal should not be lost because of an overly technical application of the law); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992) (noting that decisions of the appellate courts should turn on substance rather than procedural technicality). See also *McRoberts v. Ryals*, 863 S.W.2d 450 (Tex. 1993) (holding that party still had the right of appeal given problems stemming from miscommunications from the trial clerk and appellate clerk about the case); *Butler v. Whitten,* No. 02-13-00306-CV, 2014 Tex. App. LEXIS 6, at *6 (Tex. App.—Fort Worth 2014, no pet.) (mem. op.) (holding that a party's erroneous appeal of the parent case and not the severed case was a bona fide attempt to invoke appellate jurisdiction and thus preserved party's right to appeal). The Texas Supreme Court has further indicated that procedural rules should be liberally construed so that the right to appeal is not lost unnecessarily. *Arkoma Basin Explor. Co. v. FMF Assocs. 1990-A, Ltd.,* 249 S.W.3d 380, 388 (Tex. 2008). Appellate procedure should not be

tricky; it should be simple, certain, make sense, and facilitate consideration of the parties' arguments on the merits. *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 314 (Tex. 2000) (Hecht, J. concurring). Hence, FCStone's strained interpretation of the law should not act as a bar to VicNRG's appeal where VicNRG reasonably acted in reliance on FCStone's request for entry of a final judgment and the intent of the trial court and the actions of the court clerk indicated that the order of severance was interlocutory.

## Conclusion

The one judgment rule of Texas Rule of Civil Procedure 301 is not implicated in this case because the order of severance did not operate as a final judgment in the first place for the reasons previously discussed. [4] It did not dispose of all parties and issues because FCStone did not intend it to do so. Furthermore, the order of severance contains no language indicating that it was final. Thus, on the face of the order, its finality is indeterminate. In such circumstances, the *Lehmann* decision instructs the courts to look to the record as a whole and the intent of the trial court to determine finality. FCStone intended for the severance to be contingent on one additional act—the entry of a final judgment that it asked the trial court

---

[4] Despite the language of rule 301, Texas law recognizes that a final judgment may consist of several orders that cumulatively dispose of all parties and issues. *Noorian v. McCandless*, 37 S.W.3d 170, 173 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).

15

to sign. Accordingly, FCStone cannot negate the fact that it requested this form of relief, which in turn had a limiting effect on the order of severance, and should not now be heard to complain of the trial court's grant of its own request. The order of severance eventually merged into the final and appealable judgment dated March 10, 2015 after the trial court complied with FCStone's request. VicNRG's notice of appeal is therefore timely. *App. 24-25, 86-87.* If FCStone were rewarded for its inconsistent positions in this case, then the its maneuver of simultaneously filing an order of severance and a final judgment can be used to set a trap for future litigants, which would not bode well for the administration of justice in Texas. For these reasons, VicNRG asks that FCStone's motion to dismiss be denied.

WHEREFORE, VicNRG requests that this Court deny FCStone's motion to dismiss for lack of jurisdiction and grant it such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.

by: /s/Peter F. Bagley
Peter F. Bagley
Texas Bar No. 00783581
2304 W. Interstate 20, Suite 190
Arlington, Texas 76017

16

(817) 277-1500
Facsimile: (817) 277-1170
peter@blumbergbagley.com
ATTORNEYS FOR APPELLANT


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Appellant's Response to Appellant's Motion to Dismiss for Lack of Jurisdiction was served upon the following on this, the 16th day of April, 2015 in accordance with the Texas Rules of Appellate Procedure.

<u>VIA ELECTRONIC SERVICE</u>
Mr. James T. Drakeley
Mr. R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
*Co-Counsel for Plaintiff VicNRG LLC*;

<u>VIA ELECTRONIC SERVICE</u>
Mr. Mark K. Glasser
Ms. Tracy LeRoy
Sidley LLP
1000 Lousiana, Ste. 6000
Houston, Texas 77002
*Counsel for Defendants*
*FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.*


 s/ Peter F. Bagley
Peter F. Bagley

No. 14-15-00194-CV

VICNRG LLC,　　　　　　　　§　　IN THE COUIRT OF APPEALS
　　Appellant　　　　　　　§
　　　　　　　　　　　　　§
v.　　　　　　　　　　　　§
　　　　　　　　　　　　　§　　14TH JUDICIAL DISTRICT
FCSTONE, LLC, FCSTONE TRADING, §
LLC, and FCSTONE GROUP, INC., §
　　Appellees　　　　　　　§
　　　　　　　　　　　　　§
　　　　　　　　　　　　　§　　HOUSTON, TEXAS

| Appendix of Portions of Clerk's Record and Other Documents | | |
|---|---|---|
| **Document No.** | **Appendix Page No.** | **Document** |
| 1 | 3 | Declaration of Peter Bagley |
| 2 | 5 | Order for Interlocutory Summary Judgment |
| 3 | 7-16 | FCStone's Motion to Sever with Proposed Order and Proposed Final Judgment |
| 4 | 18-22 | Order of Severance |
| 5 | 24-25 | VicNRG's Conditional Notice of Appeal |
| 6 | 27 | Final Judgment in Severed Case |
| 7 | 29-76 | VicNRG's Motion for Entry of Final Judgment |
| 8 | 78-79 | VicNRG's Letter to Clerk of Court of Appeals |
| 9 | 81-82 | VicNRG's Motion to Enlarge Deadlines |
| 10 | 86-87 | VicNRG's Amended Notice of Appeal |
| | | |

# DOCUMENT 1

No. 14-15-00194-CV

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE COUIRT OF APPEALS |
|     Appellant | § | |
| | § | |
| v. | § | |
| | § | 14TH JUDICIAL DISTRICT |
| FCSTONE, LLC, FCSTONE TRADING, | § | |
| LLC, and FCSTONE GROUP, INC., | § | |
|     Appellees | § | |
| | § | |
| | § | HOUSTON, TEXAS |

## DECLARATION OF PETER BAGLEY

Pursuant to Texas Civil Practice & Remedies Code 132.001, Peter F. Bagley makes the following declaration.

1. My name is Peter f. Bagley. I am over 18 years of age, of sound mind, capable of making this declaration, and personally acquainted with the facts stated in it.

2. I am one of the attorneys with Blumberg & Bagley, LLP (hereinafter, "Blumberg & Bagley"), which, along with Hiersche, Hayward, Drakeley & Urbach, P.C., represents Appellant VicNRG, LLC ("VicNRG") in the above-styled and numbered cause.

3. I have been involved in all stages of this litigation in the trial court below, and I am familiar with the history and background of this case. Attached to this declaration are various pleadings, orders, and other documents that make up part of the court's file for the present case below and in the Court of Appeals. These documents are true and correct copies of such pleadings, orders, and other miscellaneous documents.

4. I declare under penalty of perjury that the foregoing is true and correct.

_____
Peter F. Bagley

**EXECUTED** in Tarrant County, State of Texas, on the 9th day of April, 2015.

# DOCUMENT 2

**2013-05124**

CAUSE NO. ~~155-200110-12~~

P1
7a

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF | § | |
| | § | |
| vs | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § | |
| GREEN DIESEL, LLC, | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC, | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | 334th DISTRICT COURT |

## PROPOSED ORDER

This matter came before the Court for hearing on March 14, 2014, on Defendants

11-1   12-1

FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.'s (together "FCStone")

Traditional and No-Evidence Motion for Summary Judgment  The Court, having considered

~~The various replies, sur-replies and objections to evidence~~

Defendant's Motion, Plaintiffs' Response, and arguments by counsel, holds that FCStone's

Traditional and No-Evidence Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Signed this 1st day of August, 2014.

_____
Judge Grant Dorfman

DAI 804043v 1

Certified Document Number: 61843473 - Page 1 of 1

# DOCUMENT 3

## Cause No. C-201305124

| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF. | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § | |
| GREEN DIESEL, LLC, | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC. | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | 334th DISTRICT COURT |

### FCSTONE'S UNOPPOSED MOTION TO SEVER

Pursuant to Rule 41 of the Texas Rules of Civil Procedure, Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone") respectfully move to sever all claims and causes of action alleged against FCStone and for entry of final judgment as to those claims and causes of action. VicNRG does not oppose this Motion.

Plaintiff VicNRG LLC filed the instant action against numerous defendants. On August 1, 2014, the Court granted summary judgment on all causes of action alleged against FCStone. This ruling, in VicNRG's words, "had the effect of removing FCStone from this case." Plt.'s 9/10/14 Mot. Enlarge at 1.

The Court should sever VicNRG's action against FCStone from VicNRG's claims against the remaining defendants to permit entry of a final and appealable judgment as to FCStone. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (severance proper after partial summary judgment to obtain final and appealable judgment, and should be sought when a judgment disposes of one party); *Guidry v. National Freight, Inc.*, 944 S.W.2d 807, 812

(Tex.App. – Austin 1997, no writ) (summary judgment in favor of one defendant severed from claims pending against other defendants). VicNRG does not oppose this Motion.

For these reasons, FCStone respectfully requests that the Court order the cause between Plaintiff and Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone") be severed and made the subject of a separate suit; that the Court sign a Final Judgment in the severed case making the Interlocutory Order granting summary judgment previously entered herein final; and that FCStone be granted any and all other relief to which it may show itself entitled.

Respectfully submitted,

By:/s/ Mark K. Glasser

Mark K. Glasser
State Bar No. 08014500
Tracy N. LeRoy
State Bar No. 24062847

SIDLEY AUSTIN, LLP
1000 Louisiana, Suite 6000
Wells Fargo Plaza
Houston, Texas 77002
713-495-4500 (telephone)
713-495-7799 (facsimile)
mglasser@sidley.com
tleroy@sidley.com

David Hoffman (admitted pro hac vice)
Illinois State Bar No. 6229441
Kees Vandenberg (admitted pro hac vice)
Illinois State Bar No. 6301079

SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, Illinois 60606
(312) 853-7000 (telephone)
(313) 853-7036 (facsimile)
david.hoffman@sidley.com
c.vandenberg@sidley.com

2

**COUNSEL FOR DEFENDANTS FCSTONE, LLC,
FCSTONE TRADING, LLC, and FCSTONE GROUP,
INC.**

## CERTIFICATE OF CONFERENCE

I certify that the undersigned counsel contacted Peter Bagley, counsel for VicNRG by telephone regarding the substance of this Motion on September 15, 2014, and Mr. Bagley indicated by e-mail on September 17, 2014, that VicNRG does not oppose this Motion.

By:/s/ Tracy N. LeRoy

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing documents was forwarded to all counsel of record on the 6th day of October, 2014, by electronic mail and U.S. mail.

Daniel E. Blumberg
Peter F. Bagley
Blumberg & Bagley, L.L.P.
2304 W. Interstate 20, Suite 190
Arlington, Texas 76017
Tel: (817) 277-1500
Fax: (817) 277-1170

W. Joel Bryant
P.O. Box 53587
Houston, Texas 77052
Tel: (713) 227-7377
Fax: (713) 227-7977

David A. Fettner
Fettner Thompson
6700 Sands Point Dr.
Houston, Texas 77074
Tel: (713) 626-7277
Fax: (888) 876-2292

James T. Drakeley
R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001

Ashish Mahendru
Mahendru P.C.
111 Bagby, Suite 2200
Houston, Texas 77002

By:/s/ Mark K. Glasser

4

| | |
|---|---|
| VICNRG LLC, | § IN THE DISTRICT COURT OF |
| | § |
| PLAINTIFF. | § |
| | § |
| vs. | § |
| | § |
| | § |
| | § HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § |
| GREEN DIESEL, LLC, | § |
| FCSTONE, LLC, | § |
| FCSTONE TRADING, LLC AND | § |
| FCSTONE GROUP, INC. | § |
| | § |
| DEFENDANTS. | § |
| | § 334th DISTRICT COURT |

## ORDER GRANTING FCSTONE'S UNOPPOSED MOTION TO SEVER

This matter comes before the Court on the Unopposed Motion to Sever filed by

Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together

"FCStone"). The Court having considered the pleadings and arguments of counsel, is of the

opinion that the Motion should be granted.

IT IS THEREFORE ORDERED that the claims VicNRG LLC asserted against

Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. are severed from

this action and made the subject of a separate action.

IT IS FURTHER ORDERED that VicNRG LLC will be the plaintiff in the severed case

and FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. will be the defendants in

the new action, which is to be styled VicNRG LLC v. FCStone, LLC, FCStone Trading, LLC,

and FCStone Group, Inc. and to have docket number C-201305124-__.

IT IS FURTHER ORDERED that the clerk make certified copies of the following

documents in the instant case for the severed case:

5

Appendix 011

| Document File Date | Document Description |
|---|---|
| 07/03/2012 | Original Petition |
| 10/12/2012 | First Amended Petition |
| 01/28/2013 | Motion to Transfer Venue and Subject Thereto, General Denial of FCStone, LLC, and FCStone Trading, LLC |
| 01/28/2013 | Plaintiff's Response to the Motions to Transfer Venue of Defendants |
| 01/28/2013 | Plaintiff's Motion to Reconsider Order Transferring Venue |
| 01/28/2013 | Defendants FCStone, LLC, and FCStone Trading, LLC's Response to Plaintiff's Motion to Reconsider Order Transferring Venue |
| 04/18/2013 | Notice of Change of Address (Counsel for FCStone) |
| 06/25/2013 | Rule 11 Agreement re VICNRG Documents Produced |
| 09/30/2013 | Rule 11 Agreement re Extension of Deadline FCStone to Respond to Discovery & FCStone's Production |
| 10/17/2013 | Rule 11 Agreement re Extension of Deadline VICNRG to Respond to Discovery |
| 11/14/2013 | Second Amended Petition |
| 11/22/2013 | Plaintiff's Motion to Quash Depositions |
| 11/25/2013 | Motion for Admission Pro Hac Vice of David Hoffman |
| 11/25/2013 | Motion for Admission Pro Hac Vice of Cornelius Adrian Vandenberg |
| 12/04/2013 | Citation: FCStone Group, Inc. |
| 12/30/2013 | General Denial of FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. to Plaintiff's Second Amended Petition |
| 02/05/2014 | Plaintiff's First Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/06/2014 | Rule 11 Agreement re Compliance with Protective Order |
| 02/07/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment, Notice of Oral Hearing & Appendix of Unpublished Legal Authorities |

6

| Document File Date | Document Description |
| --- | --- |
| 02/07/2014 | FCStone's Motion to File Under Seal |
| 02/10/2014 | FCStone's Motion to Quash Notices of Deposition of Nathaniel Burk, Christopher Jagoda, Matthew Upmeyer, and FCStone |
| 02/11/2014 | Plaintiff's Amended Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/17/2014 | FCStone's Designation of Expert Witnesses |
| 02/18/2014 | FCStone's Opposition to VICNRG's Motion to Continue Hearing on Motion for Summary Judgment |
| 02/18/2014 | Rule 11 Agreement re Extension of trial date and discovery deadlines |
| 02/21/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 02/21/2014 | Withdrawal of Motion to File Under Seal |
| 02/27/2014 | VICNRG's Unopposed Motion for Continuance of Trial Setting |
| 03/07/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/07/2014 | Plaintiff's Objections to FCStone's Summary Judgment Evidence |
| 03/07/2014 | VICNRG's Motion to file Under Seal Pursuant to Protective Order |
| 03/11/2014 | FCStone Defendants' Objections to VICNRG's Summary Judgment Evidence |
| 03/11/2014 | Response to VICNRG's Objections to FCStone's Summary Judgment Evidence |
| 03/11/2014 | Reply in Support of FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/13/2014 | FCStone Defendants' Motion to Strike VICNRG's Unauthorized Surreply |
| 03/13/2014 | Plaintiff VICNRG Surreply to Defendant FCStone's Reply to VICNRG's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/18/2014 | FCStone Defendants' Motion for Leave to File Additional Summary |

7

| Document File Date | Document Description |
|---|---|
| | Judgment Evidence |
| 03/25/2014 | Rule 11 Agreement Extending Discovery |
| 03/25/2014 | VICNRG's Withdrawal of Motion to File Under Seal Pursuant to Protective Order |
| 03/28/2014 | Response to VICNRG's Surreply to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/28/2014 | Plaintiff VICNRG LLC's Post-Hearing Brief |
| 04/04/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 06/03/2014 | Notice of Oral Hearing on FCStone's Motion for Protection and to Quash Notices of Deposition |
| 06/03/2014 | FCStone's Motion for Protection and to Quash Notices of Deposition |
| 06/05/2014 | Plaintiff VICNRG's Response to FCStone's Motion for Protection and VICNRG LLC's Motion to Compel Depositions |
| 06/17/2014 | FCStone's Response to VICNRG's Motion to Compel and Reply in Support of Motion for Protection and to Quash |
| 06/19/2014 | Plaintiff VICNRG LLC's Sur-Reply to FCStone's Motion for Protection and Reply in Support of VICNRG LLC's Motion to Compel Depositions |
| 07/30/2014 | Rule 11 Agreement re extension deadlines & setting of deadlines |
| 8/01/2014 | Order granting Summary Judgment |

IT IS FURTHER ORDERED that this order of severance does not affect the claims of the remaining parties to the instant case, does not cause a realignment of parties in the case, and that as a result of this order of severance, the style of the instant case shall hereafter be styled VicNRG LLC v. Green Diesel, LLC and Fuel Streamers, Inc.

8

Signed this ___ day of October, 2014.

_____
Judge Grant Dorfman

9

Appendix 015

Cause No. C-201305124-___

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF. | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC. | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |
| | § | 334th DISTRICT COURT |
| | § | |

## PROPOSED FINAL JUDGMENT AS TO FCSTONE

This matter came before the Court for hearing on March 14, 2014, on Defendants

FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.'s (together "FCStone")

Traditional and No-Evidence Motion for Summary Judgment. The Court, having considered

Defendant's Motion, Plaintiff's Response, the various replies, surreplies, and objections to

evidence, and argument by counsel GRANTED FCStone's Traditional and No-Evidence Motion

for Summary Judgment by its August 1, 2014 Order. The Court granted FCStone's Unopposed

Motion to Sever on October ____, 2014. The Court FURTHER ORDERS that this action be

DISMISSED WITH PREJUDICE. This Judgment is final and disposes of all claims and parties.


Signed this ____ day of October, 2014.


_____

Judge Grant Dorfman


10

Appendix 016

# DOCUMENT 4

10/24/2014 12:06:05 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 2946244
By: FORD, DAVIA

Cause No. C-201305124

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF. | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § | |
| GREEN DIESEL, LLC, | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC. | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | 334th DISTRICT COURT |

## ORDER GRANTING FCSTONE'S UNOPPOSED MOTION TO SEVER

This matter comes before the Court on the Unopposed Motion to Sever filed by Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone"). The Court having considered the pleadings and arguments of counsel, is of the opinion that the Motion should be granted.

IT IS THEREFORE ORDERED that the claims VicNRG LLC asserted against Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. are severed from this action and made the subject of a separate action.

IT IS FURTHER ORDERED that VicNRG LLC will be the plaintiff in the severed case and FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. will be the defendants in the new action, which is to be styled VicNRG LLC v. FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. and to have docket number C-201305124**B**

IT IS FURTHER ORDERED that the clerk make certified copies of the following documents in the instant case for the severed case:

5

Certified Document Number: 63039636 - Page 1 of 5

| Document File Date | Document Description |
|---|---|
| 07/03/2012 | Original Petition |
| 10/12/2012 | First Amended Petition |
| 01/28/2013 | Citation – FCStone Trading, LLC (Image No. 54798579) |
| 01/28/2013 | Citation – FCStone, LLC (Image No. 54798611) |
| 01/28/2013 | Motion to Transfer Venue and Subject Thereto, General Denial of FCStone, LLC, and FCStone Trading, LLC |
| 01/28/2013 | Plaintiff's Response to the Motions to Transfer Venue of Defendants |
| 01/28/2013 | Plaintiff's Motion to Reconsider Order Transferring Venue |
| 01/28/2013 | Defendants FCStone, LLC, and FCStone Trading, LLC's Response to Plaintiff's Motion to Reconsider Order Transferring Venue |
| 01/28/2013 | Order of Transfer dated November 6, 2012 |
| 04/18/2013 | Notice of Change of Address (Counsel for FCStone) |
| 06/25/2013 | Rule 11 Agreement re VICNRG Documents Produced |
| 09/30/2013 | Rule 11 Agreement re Extension of Deadline FCStone to Respond to Discovery & FCStone's Production |
| 10/17/2013 | Rule 11 Agreement re Extension of Deadline VICNRG to Respond to Discovery |
| 11/14/2013 | Second Amended Petition |
| 11/22/2013 | Plaintiff's Motion to Quash Depositions |
| 11/25/2013 | Motion for Admission Pro Hac Vice of David Hoffman |
| 11/25/2013 | Motion for Admission Pro Hac Vice of Cornelius Adrian Vandenberg |
| 12/04/2013 | Citation: FCStone Group, Inc. |
| 12/30/2013 | General Denial of FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. to Plaintiff's Second Amended Petition |
| 1/17/2014 | Plaintiff's Designation of Expert Witnesses |

6

Certified Document Number: 63039636 - Page 2 of 5

| | |
|---|---|
| 02/05/2014 | Plaintiff's First Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/06/2014 | Rule 11 Agreement re Compliance with Protective Order |
| 02/07/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment, Notice of Oral Hearing & Appendix of Unpublished Legal Authorities |
| 02/07/2014 | FCStone's Motion to File Under Seal |
| 02/10/2014 | FCStone's Motion to Quash Notices of Deposition of Nathaniel Burk, Christopher Jagoda, Matthew Upmeyer, and FCStone |
| 02/11/2014 | Plaintiff's Amended Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/12/2014 | Order Approving Stipulation (signed Protective Order) |
| 02/17/2014 | FCStone's Designation of Expert Witnesses |
| 02/18/2014 | FCStone's Opposition to VICNRG's Motion to Continue Hearing on Motion for Summary Judgment |
| 02/18/2014 | Rule 11 Agreement re Extension of trial date and discovery deadlines |
| 02/21/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 02/21/2014 | Withdrawal of Motion to File Under Seal |
| 02/27/2014 | VICNRG's Unopposed Motion for Continuance of Trial Setting |
| 03/3/2014 | Order Granting Trial Continuance |
| 03/07/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |

7

Certified Document Number: 63039636 - Page 3 of 5

| | |
|---|---|
| 03/07/2014 | Plaintiff's Objections to FCStone's Summary Judgment Evidence |
| 03/07/2014 | VICNRG's Motion to file Under Seal Pursuant to Protective Order |
| 03/7/2014 | Appendix of Unpublished Legal Authorities in Support of VicNRG's Response |
| 03/11/2014 | FCStone Defendants' Objections to VICNRG's Summary Judgment Evidence |
| 03/11/2014 | Response to VICNRG's Objections to FCStone's Summary Judgment Evidence |
| 03/11/2014 | Reply in Support of FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/13/2014 | FCStone Defendants' Motion to Strike VICNRG's Unauthorized Surreply |
| 03/13/2014 | Plaintiff VICNRG Surreply to Defendant FCStone's Reply to VICNRG's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/13/2014 | Appendix of Unpublished Legal Authorities in Support of VicNRG's Surreply |
| 3/18/2014 | FCStone Defendants' Motion for Leave to File Additional Summary Judgment Evidence |
| 03/25/2014 | Rule 11 Agreement Extending Discovery |
| 03/25/2014 | VicNRG's Withdrawal of Motion to File Under Seal Pursuant to Protective Order |
| 03/28/2014 | Response to VICNRG's Surreply to FCStone's Traditional and No- Evidence Motion for Summary Judgment |
| 03/28/2014 | Plaintiff VicNRG LLC's Post-Hearing Brief |
| 04/04/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No- Evidence Motion for Summary Judgment |

8

Certified Document Number: 63039636 - Page 4 of 5

Certified Document Number: 63039636 - Page 5 of 5

| 06/03/2014 | FCStone's Motion for Protection and to Quash Notices of Deposition |
|---|---|
| 06/03/2014 | Notice of Oral Hearing on FCStone's Motion for Protection and to Quash Notices of Deposition |
| 06/05/2014 | Plaintiff VICNRG's Response to FCStone's Motion for Protection and VICNRG LLC's Motion to Compel Depositions |
| 06/17/2014 | FCStone's Response to VICNRG's Motion to Compel and Reply in Support of Motion for Protection and to Quash |
| 06/19/2014 | Plaintiff VICNRG LLC's Surreply to FCStone's Motion for Protection and Reply in Support of VICNRG LLC's Motion to Compel Depositions |
| 06/30/2014 | Order Denying Protection from Discovery Request/Compelling Deposition Appearance |
| 07/14/2014 | Plaintiff's Supplemental Designation of Experts |
| 07/30/2014 | Rule 11 Agreement re extension deadlines & setting of deadlines |
| 8/01/2014 | Order Granting Summary Judgment |
| 10/15/2014 | VicNRG's Request for Additional Documents |

IT IS FURTHER ORDERED that this order of severance does not affect the claims of the remaining parties to the instant case, does not cause a realignment of parties in the case, and that as a result of this order of severance, the style of the instant case shall hereafter be styled VicNRG LLC v. Green Diesel, LLC and Fuel Streamers, Inc.

Signed this 29th day of October, 2014.

10·29·14

Judge Grant Dorfman

9

Appendix 022

# DOCUMENT 5

Cause No. 201305124B

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FCSTONE, LLC, FCSTONE TRADING, | § | |
| LLC and FCSTONE GROUP, INC., | § | |
| Defendants | § | |
| | § | 334TH DISTRICT COURT |
| | § | |

## CONDITIONAL NOTICE OF APPEAL

Pursuant to rule 25.1 of the Texas Rules of Appellate Procedure, Plaintiff VicNRG LLC will appeal, and gives notice of its appeal, from the order of severance signed on October 29, 2015 in VICNRG LLC v. FCStone, LLC, FCStone Trading, LLC and FCStone Group, Inc. in the 334th District Court of Harris County, Texas, to the First or Fourteenth Court of Appeals, Houston, Texas. Though Plaintiff denies that the order of severance of October 29, 2015 was final, it files this Notice of Appeal because of the Court has not yet ruled on Plaintiff's Motion for Entry of Final Judgment or, Alternatively, Motion to Extent Post-Judgment Deadlines because it appears that the appellate deadlines, if extended under Tex. R. Civ. P. 306a, terminates on today's date.

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.

by: /s/ Peter F. Bagley
    Peter F. Bagley
    Texas Bar No. 00783581
2304 West Interstate 20
Suite 190
Arlington, Texas 76017
(817) 277-1500
Facsimile (817) 277-1170

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that true copies of the above and foregoing Notice of Appeal were forwarded to the following via the means indicated below on this the 20th day of February, 2015:

VIA ELECTRONIC SERVICE
Mr. James T. Drakeley
Mr. R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
*Co-Counsel for Plaintiff VicNRG LLC;*

VIA ELECTRONIC SERVICE
Mr. Mark K. Glasser
Ms. Tracy LeRoy
Sidley LLP
1000 Lousiana, Ste. 6000
Houston, Texas 77002
*Counsel for Defendants*
*FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.*

_s/ Peter F. Bagley_____
Peter F. Bagley

# DOCUMENT 6

Cause No. 2013-05124-B

| | | |
|---|---|---|
| VICNRG LLC | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | OF HARRIS COUNTY, T E X A S |
| | § | |
| GREEN DIESEL, LLC, et al. | § | 334TH JUDICIAL DISTRICT |

## FINAL JUDGMENT IN SEVERED CAUSE

ON THIS DAY the Court considered the Motion for Entry of Final Judgment in this severed cause, 2013-05124-B, filed by plaintiff VicNRG LLC ("VicNRG"). Upon consideration of the motion and the response thereto of defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone"), the Court is of the opinion that the motion is well-taken and should be GRANTED. Accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED** that FCStone's Traditional and No-Evidence Motion for Summary Judgment is hereby **GRANTED** (as previously ordered, on an interlocutory basis, by Order dated August 6, 2014). It is, further,

**ORDERED, ADJUDGED and DECREED** that VicNRG shall take nothing on its causes of action against FCStone. It is, further,

**ORDERED, ADJUDGED and DECREED** that FCStone be awarded all costs of court related to its defense herein. It is, further,

**ORDERED, ADJUDGED and DECREED** that this action be, and hereby is, **DISMISSED WITH PREJUDICE.** This is a Final Judgment that disposes of all claims and parties in this severed cause of action.

SIGNED this _10th_ day of ___March,___ 2015.

Unofficial Copy Office of Chris Daniel District Clerk

**F I L E D**
Chris Daniel
District Clerk

MAR 10 2015

Time:_____

Harris County, Texas

By_____

Deputy

_____
JUDGE GRANT DORFMAN

# DOCUMENT 7

2/4/2015 11:10:05 AM
Chris Daniel - District Clerk Harris County
Envelope No. 4015284
By: DANIELLE JIMENEZ
Filed: 2/4/2015 11:10:05 AM

Cause No. 201305124-B

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC and | § | 334TH DISTRICT COURT |
| FCSTONE GROUP, INC., | | |
| Defendants | | |

## PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT OR, ALTERNATIVELY, MOTION TO EXTEND POSTJUDGMENT DEADLINES

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff VicNRG LLC files this, its Motion for Entry of Final Judgment or, Alternatively, Motion to Extend Postjudgment Deadlines, and in support of the same would respectfully show the Court the following:

### I. Motion for Entry of Final Judgment

1.     VicNRG LLC ("VicNRG") asks the Court to enter a final judgment in this cause that FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (collectively, "FCStone") submitted for the Court's signature in October 2014. FCStone claims that the order of severance that the Court signed on October 29, 2014 operates as a final judgment, but VicRNG disputes this contention for the reasons below.

### A.     Background Facts

2.     On July 3, 2012 VicNRG filed its Original Petition in the 153rd District Court of Tarrant County. That court subsequently transferred this matter to the 334th District Court of Harris County, Texas.

Page | 1

Appendix 029

3. Defendants Philip J. Rivkin, Fuelstreamers Group, Greendiesel Trading, S.A., PetroEthanol LLC, Petro Constructors Pvt., Ltd., Petro Constructors LLC, and Sterling Energy, LLC failed to answer the lawsuit, and VicNRG obtained an interlocutory default judgment against them on June 24, 2013. *Exhibit 1.* These defendants were severed out of this case on November 7, 2013 and transferred to the companion case designated cause number 201305124A (the "First Severed Case"). *Exhibit 2.*

4. The Court disposed of VicNRG's claims against FCStone by this Court's interlocutory summary judgment dated August 1, 2014. *Exhibit 3.*

5. The order of severance creating the First Severed Case fails to contain the clear language required by applicable law indicating unmistakably that the order is (or was) final and appealable even though the order arguably disposed of all causes of action that VicNRG pleaded against the severed defendants. *Exhibit 2.* See also *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2000) (discussing inclusion of certain language to make an order final and appealable). The transmittal form that the district clerk used to create the severed action in the First Severed Case showed it to be a pending case, and the clerk has always listed it as an active case on its website. *Exhibit 4.*

6. On June 26, 2014 the Court sent a notice of dismissal to VicNRG's counsel regarding the status of the First Severed Case and requesting that its counsel seek the entry of a judgment or file a motion to retain. *Exhibit 5.* This occurred more than seven months after the Court signed the order of severance that severed the First Severed Case from VicNRG's original lawsuit. By all indications the Court and its clerk viewed the order of severance creating the First Severed Case as interlocutory. VicNRG meanwhile

Appendix 030

filed a motion to retain on July 18, 2014 and the Court signed the order of retention on September 18, 2014. *Exhibits 6 & 7.*

7.     Less than a month later FCStone filed an unopposed motion to sever VicNRG's claims against it on October 6, 2014. *Exhibit 8.* The motion stated that its purpose was to permit the entry of a final and appealable judgment. *Id., p.1.* FCStone then asked that the Court grant the motion and "sign a Final Judgment in the severed case making the Interlocutory Order granting summary judgment entered herein final." *Id., p. 2.* By filing this pleading, FCStone admitted tht the interlocutory order previously signed was not final and appealable. As a result it is judicially estopped from now taking an inconsistent position. *Long v. Knox*, 291 S.W.2d 292, 295 (Tex. 1956). In addition FCStone attached a proposed "final judgment." *Exhibit 9.* The language of the proposed judgment states that the judgment would be "final and dispos[e] of all claims and parties." *Id.* Alongside the final judgment, FCStone submitted a form of a proposed order of severance. *Exhibit 10.* The proposed order listed several documents to make up the file in the severed case. When VicNRG noticed that the list of documents left off some additional documents that VicNRG deemed necessary to be included in the appellate record in the severed case, it filed a request for additional records to be added to the severed case. *Exhibit 11.* On October 29, 2014 the Court signed an order of severance creating cause number 201305124B (the "Second Severed Case"). *Exhibit 12.* Significantly the order contains no language that suggests that the order is final and appealable. *Id.* Thus, this order too fails to meet the requirements for finality imposed by applicable law, including that discussed *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2000), and its progeny.

8.    In the meantime the court's transmittal form creating the Second Severed Case listed it as "pending." *Exhibit 13*. Also, the district clerk's website showed it as an active case and continues to do so. *Exhibit 14*. Given VicNRG's experience with the Court in the First Severed Case, the fact that FCStone moved the Court to enter a final judgment, and the fact that the clerk showed the severed case as pending and active, VicNRG saw it as premature to file a notice of appeal. It appears that the clerk of this Court created the file for the severed case sometime in early December 2014. *Exhibit 13*. VicNRG's counsel contacted the court clerk on January 5, 2015 to inquire when the Court might sign the final judgment that FCStone submitted for signature. The clerk indicated that the parties should submit an agreed final judgment or that FCStone would have to get the Court to sign the judgment and that she would be contacting FCStone's counsel to inquire when this might be done.

9.    When VicNRG's counsel noticed that no final judgment was signed after this call, VicNRG's counsel contacted FCStone's counsel by email on January 9, 2014. This message prompted no response. Finally, Peter Bagley of Blumberg & Bagley, LLP contacted FCStone's counsel, Tracy LeRoy of Sidley Austin LLP, by telephone on January 21, 2015. Mr. Bagley learned for the first time during this call of Ms. LeRoy's contention that the order of severance was a final judgment and that the appellate deadlines had run in the Second Severed Case.

**B.    Argument**

10.    VicNRG disagrees with FCStone's contention regarding the effect of the order of severance. The severance of an interlocutory judgment into a separate cause does not necessarily make the interlocutory judgment final when the circumstances of the order of severance contemplate or suggest additional action. *Diversified Fin. Sys.,*

Appendix 032

*Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d 795, 795 (Tex. 2001). This is seen time and time again in other cases. See *Doe v. Pilgrim Rest Baptist Church*, 218 S.W.3d 81, 82 (Tex. 2007) (holding that the severance order contemplated assignment of the case on the docket and compliance with the district clerk's procedures [here being the payment of a filing fee]); *Blakenship v. Robins*, 878 S.W.2d 138, 138 (concluding that the order of severance was not final when conflicting information existed about whether the severed parties would be situated in the parent case or the severed case); *In the Interest of S.A.A.*, No. 2-08-080-CV, 2008 Tex. App. LEXIS 3428, at *2 (Tex. App.—Fort Worth May 8, 2008, no pet.) (mem. op.) (holding that the order of severance called for additional action by mentioning that the separate action would proceed to a final judgment); *Shamoun v. Cisco Sys. Capital Corp.*, No. 2-07-449-CV, 2008 Tex. App. LEXIS 5191, at *3 (Tex. App.—Fort Worth Jul. 10, 2008, no pet.) (mem. op.) (noting that the trial court treated the order of severance as interlocutory by setting a joint status conference); *Flores v. Sandoval*, No. 01-02-01197-CV, 2004 Tex. App. LEXIS 4181, at *6 (Tex. App.—Houston [1st Dist.] May 6, 2004, no pet.) (mem. op.) (noting that the order—like the one in this case—does not dispose of all parties and all claims and that it fails to take into account the presence of another party).

11. Moreover, the Texas Supreme Court has made clear that the finality of an order should be expressed in the words of the order itself. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2000). The Texas Supreme Court in *Lehmann* held that an order granting summary judgment that contained a Mother Hubbard clause (specifically, "all relief not expressly granted is herein denied") was insufficiently clear to give the order finality for purposes of an appeal. *Id.* at 200. The Supreme Court noted that litigants should be able to recognize when a judgment purports to be final on its face and treat it

Page | 5

as final for purposes of an appeal. *Id.* at 202. Finality should therefore be resolved by determining the court's intent from the language of the order at issue and the record as a whole, aided on occasion by the conduct of the parties. *Id.* at 203.

12. In the present case, the order of severance lacks language that makes it unmistakably clear that the order is a final one. It contains no such words as *final* or *appealable*, to say nothing of a Mother Hubbard clause. As indicated in *Lehmann*, it is sometimes necessary to look at the record to ascertain the court's intent. See also *In the Interest of J.D.*, 304 S.W.3d 522, 525 (Tex. App.—Waco 2009, no pet.). It is sometimes the case that a closer look at the record shows that a particular order is not final. See, e.g., *Martinez v. Humble Sand & Gravel*, 875 S.W.2d 311, 313 (Tex. 1994) (holding that severance order was not final as it suggested additional defendants might be joined later); *Phillips v. Baker*, No. 14-02-01099-CV, 2002 Tex. App. LEXIS 8568, at *3 (Tex. App.—Houston [14th Dist.] Dec. 5, 2002, no pet.) (not designated for publication) (holding that the record clearly established that the order at issue was not final); *Youngblood & Assocs., P.L.L.C. v. Duhon*, 57 S.W.3d 63, 65 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (holding that the summary judgment was not final because it did not dispose of a claim for relief).

13. Above all else, the Supreme Court instructs that courts should avoid a construction of an order that denies a party the right of appeal. *Lehmann*, 39 S.W.3d at 203 (holding that the right of appeal should not be lost because of an overly technical application of the law); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992) (noting that decisions of the appellate courts should turn on substance rather than procedural technicality). See also *McRoberts v. Ryals*, 863 S.W.2d 450 (Tex. 1993) (holding that party still had the right of appeal given problems stemming from miscommunications

Appendix 034

from the trial clerk and appellate clerk about the case); *Butler v. Whitten,* No. 02-13-00306-CV, 2014 Tex. App. LEXIS 6, at *6 (Tex. App.—Fort Worth 2014, no pet.) (mem. op.) (holding that a party's erroneous appeal of the parent case and not the severed case was a bona fide attempt to invoke appellate jurisdiction and thus preserved party's right to appeal).

14. As explained above, the case file in the referenced matter suggests that the Court and the clerk treated the order of severance as interlocutory (as it did with the order of severance in the First Severed Case) and that the order of severance fails to contain the requisite language indicating that it is a final judgment. Under the facts of this case, VicNRG's right to appeal should not be curtailed by pedantic adherence to procedural technicalities. It would seem that FCStone seeks to penalize VicNRG for waiting for the Court to take the action that FCStone sought, but FCStone should be estopped from taking this position, which is inconsistent with the position it took earlier in asking the Court to sign a final judgment (something different from the order of severance). FCStone should not be rewarded for its subterfuge. It would be an injustice to punish VicNRG for believing that FCStone actually intended to have the Court sign the final judgment when, it would seem, this was never so. The Court is well within its inherent powers to treat the order at issue as interlocutory to aid its exercise of jurisdiction and the administration of justice. See *Public Util. Comm. v. Cofer,* 754 S.W.2d 121, 124 (Tex. 1988). Thus, VicNRG asks this Court to enter the draft final judgment that FCStone previously submitted.

## II. Motion to Extend Postjudgment Deadlines

15. In the alternative, VicNRG asks that the Court grant its Motion to Extend Postjudgment Deadlines. Tex. R. Civ. P. 306a(5). Assuming that the order of severance

is a final judgment, which VicNRG denies, then VicNRG did not get actual notice of the fact that the order of severance was final. While VicNRG received notice of the order at or about the time it was signed in October 2014, VicNRG did not get word that it operated (or was intended to operate) as a final judgment (if this is so) for the reasons described above. In this connection it is particularly noteworthy that the Court itself treated this order as interlocutory. And the fact that FCStone asked the Court to sign a separate "final judgment" that contained unmistakable language of finality, but which was never signed, makes clear FCStone's intent that both the Court and VicNRG treat this order in this fashion.

16. As described above, Mr. Bagley spoke to Ms. LeRoy by telephone on January 21, 2015 and learned for the first time that FCStone had adopted the view that the order of severance made the previously interlocutory order final. This communication occurred more than twenty days after the date of the order (October 29, 2014), but less than ninety days from the date of the order itself (January 27, 2015). Accordingly, VicNRG asks that the postjudgment deadlines in this cause be extended to enable VicNRG to file a notice of appeal, which may still occur under an enlarged calendar within thirty days of January 21, 2015 (the actual notice date). TEX. R. CIV. P. 306a(4); TEX. R. APP. P. 26.

PRAYER

WHEREFORE, Plaintiff VicNRG LLC requests that the Court enter a final judgment in this cause to start the appellate deadlines of this case, that the Court alternatively extend the postjudgment deadlines, and that the Court grant it such other and further relief to which it may show itself to be justly entitled.

Page | 8

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.


by:   /s/Peter F. Bagley
    Daniel E. Blumberg
    Texas Bar No. 02512985
    Peter F. Bagley
    Texas Bar No. 00783581
2304 West Interstate 20, Ste. 190
Arlington, Texas 76017
(817) 277-1500
Facsimile (817) 277-1170
daniel@blumbergbagley.com
peter@blumbergbagley.com

and

**HIERSCHE, HAYWARD, DRAKELEY &
URBACH, P.C.**
James T. Drakeley
Texas Bar No. 06111600
R. Scott Seifert
Texas Bar No. 24003860
Laurie N. Arnoldy
Texas Bar No. 24003860
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Tel: 972-701-7000
Fax: 972-701-8765
jdrakeley@hhdulaw.com
sseifert@hhdulaw.com
larnoldy@hhdulaw.com

ATTORNEYS FOR PLAINTIFF


## CERTIFICATE OF CONFERENCE

Peter Bagley, one of the attorneys for VicNRG, conferred with counsel for Defendants FCStone on February 3, 2015. Though she did not directly oppose the motion, she also did not agree to it. Accordingly, we view FCStone's lack of consent as opposition to the motion, and thus it is presented to the Court for resolution.

        s/ Peter F. Bagley
        Peter F. Bagley

Appendix 037

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Plaintiff's Motion for Entry of Final Judgment were served to the following on this the 4th day of February, 2015 in accordance with the Texas Rules of Civil Procedure via the means indicated below:

VIA ELECTRONIC SERVICE
Mr. James T. Drakeley
Mr. R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Facsimile (972) 701-8765
*Co-Counsel for Plaintiff VicNRG LLC*;

VIA ELECTRONIC SERVICE
Mr. Mark Glasser
Sidley LLP
600 Travis Street, 31st Floor
Houston, Texas 77002
Facsimile (713) 315-9119
*Counsel for Defendants*
*FCStone, LLC and FCStone Trading, LLC*

s/Peter F. Bagley
Peter F. Bagley

Appendix 038

## VERIFICATION

THE STATE OF TEXAS

COUNTY OF TARRANT

BEFORE ME, the undersigned Notary Public, on this day, February 3, 2015, personally appeared Peter F. Bagley, who is personally known to and who, having been by me duly sworn, on his oath deposed and said that all of the facts set out in the above and foregoing document in paragraphs 8, 9, and 16 are personally known to him and are true and correct.

_____
Peter F. Bagley

CAROLYN J. CHAPPELL
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
12-14-2016

_____
Notary Public in and for
The State of Texas

Appendix 039

13·05124

Case No. C-201305124

P4
5a
Attex

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| v. | § | |
| | § | |
| GREEN DIESEL, LLC, | § | |
| PHILIP J. RIVKIN, | § | |
| FUELSTREAMERS GROUP, | § | |
| FUEL STREAMERS, INC., | § | |
| GREENDIESEL TRADING S.A., | § | HARRIS COUNTY TEXAS |
| PETROETHANOL LLC, | § | |
| PETRO CONSTRUCTORS P.VT, LTD., | § | |
| PETRO CONSTRUCTORS LLC, | § | |
| STERLING ENERGY LLC, | § | |
| FCSTONE, LLC and | § | |
| FCSTONE TRADING, LLC, | § | |
| Defendants | § | 334TH DISTRICT COURT |

2013 JUN 14 AM 9:57
CHRIS DANIEL
DISTRICT CLERK
HARRIS COUNTY, TEXAS
PROCESSING DEPUTY

## INTERLOCUTORY DEFAULT JUDGMENT

On June 7, 2013, Plaintiff appeared by and through its attorneys of record, Blumberg & Bagley, LLP, and announced ready. Defendants Philip J. Rivkin, Fuelstreamers Group, GreenDiesel Trading S.A., PetroEthanol LLC, Petro Constructors PVT, LTD, Petro Constructors LLC and Sterling Energy, LLC ("Defendants" herein), though duly cited to appear and answer herein, wholly failed to appear or to answer herein and wholly made default. After considering the pleadings, the affidavits, and all other evidence presented to the Court, the Court FINDS and HOLDS as follows:

1. This Court has jurisdiction over the subject matter of this suit.

2. Defendants were duly cited to appear and answer in this suit.

3. This Court has acquired personal jurisdiction over the Defendants.

INTERLOCUTORY DEFAULT JUDGMENT                                                    1



EXHIBIT
1

Append 040

4.     The appearance day for the Defendants has passed.

5.     Defendants have failed to answer or otherwise appear in this case.

6.     The return of service upon Defendants has been on file for the time required by law.

7.     Plaintiff has suffered actual damages in this case in the amount of $18,564,329.00.

8.     Plaintiff's claims are meritorious and should be in all things granted.

9.     Plaintiff's claim for actual and exemplary damages is fully supported by the Plaintiff's pleadings on file herein.

10.    The acts and omissions of the Defendants against who this Default Judgment is rendered were such as to give rise to claims for exemplary damages and the evidence supports the exemplary damages awarded herein.

11.    The evidence presented to the Court supports an award of attorneys' fees in the amount of $131,994.77, which amount is both reasonable and necessary.

12.    Plaintiff is entitled to recover its court costs incurred and to be incurred in connection with this matter.

12.    Plaintiff will incur additional reasonable and necessary attorneys' fees in the event that one or more of the Defendants against whom this Default Judgment is rendered files one or more post-judgment motions, appeals, or other applications for relief and this Judgment is not set aside by this Court or is ultimately upheld during the appellate process, as more specifically enumerated below, which should be adjudged against the Defendants seeking such relief:

   a.    $25,000.00 for each motion for new trial or bill of review filed if this Default Judgment is upheld in whole or in part;

   b.    $50,000.00 for each notice of appeal or restricted appeal Defendant files if this Default Judgment is upheld in whole or in part;

   c.    $10,000.00 in the event of the filing of an application for discretionary review, petition for review, other appeal, or a response to a petition for discretionary review, a response to a petition for review, or a response to another appeal with the Supreme Court of Texas if the application, petition, or other appeal is denied or this Default Judgment is upheld in whole or in

part; and

d.    $25,000.00 in the event one or both parties prosecutes or contests a petition for discretionary review, a petition for review, or other appeal that has been granted by the Supreme Court of Texas and Plaintiff prevails in connection with such appeal in whole or in part.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that Plaintiff VicNRG LLC have and recover from Defendants Philip J. Rivkin, Fuelstreamers Group, GreenDiesel Trading S.A., PetroEthanol LLC, Petro Constructors PVT, LTD, Petro Constructors LLC and Sterling Energy, LLC, jointly and severally, actual damages in the sum of $18,564,329.00, exemplary damages in the amount of $27,846,493.50, reasonable and necessary attorneys' fees and expenses in the additional sum of $131,994.77, plus any and all court costs incurred and to be incurred in connection with this matter, all with post judgment interest thereon at the statutory rate of five percent (5.00%) per annum from the date a Final Judgment is entered in this cause until paid in full.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff VicNRG LLC have and recover from Defendants Philip J. Rivkin, Fuelstreamers Group, GreenDiesel Trading S.A., PetroEthanol LLC, Petro Constructors PVT, LTD, Petro Constructors LLC and Sterling Energy, LLC the following conditional awards of attorneys' fees and expenses:

a.    $25,000.00 for each motion for new trial or bill of review filed if this Default Judgment is upheld in whole or in part;

b.    $50,000.00 for each notice of appeal or restricted appeal Defendant files if this Default Judgment is upheld in whole or in part;

c.    $10,000.00 in the event of the filing of an application for discretionary review, petition for review, other appeal, or a response to a petition for discretionary

**INTERLOCUTORY DEFAULT JUDGMENT**                                                          3

review, a response to a petition for review, or a response to another appeal with the Supreme Court of Texas if the application, petition, or other appeal is denied or this Default Judgment is upheld in whole or in part; and

d.      $25,000.00 in the event one or both parties prosecutes or contests a petition for discretionary review, a petition for review, or other appeal that has been granted by the Supreme Court of Texas and Plaintiff prevails in connection with such appeal in whole or in part.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Interlocutory Default Judgment does not preclude Plaintiff from later obtaining a finding of liability and recovering damages and any other relief from one or more other defendants in this cause, whether singly, jointly, and/or severally (with or without the Defendants named herein) on Plaintiff's causes of action in this suit.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that this Interlocutory Default Judgment shall be merged into a Final Judgment once issued in this cause.

SIGNED: _____, 2013.

6·24·13

JUN 2 4 2013

JUDGE PRESIDING

Cause No. C-201305124

VICNRG LLC, §  IN THE DISTRICT COURT
    Plaintiff §
 §
v. §
 §
GREEN DIESEL, LLC, §
PHILIP J. RIVKIN, §
FUELSTREAMERS GROUP, §
FUEL STREAMERS, INC., §  HARRIS COUNTY, TEXAS
GREEN DIESEL, LLC, §
GREENDIESEL TRADING S.A., §
PETROETHANOL LLC, §
PETRO CONSTRUCTORS PVT, LTD., §
PETRO CONSTRUCTORS LLC, §
STERLING ENERGY LLC, §
FCSTONE, LLC and §
FCSTONE TRADING, LLC, §
    Defendants §  334th   DISTRICT COURT
 §
 §

---

## ORDER GRANTING PLAINTIFF'S UNOPPOSED
## MOTION FOR SEVERANCE OF ACTIONS

---

On this day the Court considered Plaintiff's Unopposed Motion for Severance of Actions in the above-entitled and numbered cause. The Court, being satisfied that due notice of the filing of the motion and of the hearing on the motion was given, and after considering the pleadings and arguments of counsel, is of the opinion that the motion should be granted.

IT IS, THEREFORE, ORDERED that the claims Plaintiff VicNRG LLC asserted against Defendants Philip J. Rivkin, Fuelstreamers Group, Greendiesel Trading S.A., Petroethanol LLC, Petro Constructors Pvt, Ltd., Petro Constructors LLC, and Sterling Energy LLC are severed from this action and made the subject of a separate action.



EXHIBIT
2
tabbies
Appendix 044

IT IS FURTHER ORDERED VicNRG LLC will be the plaintiff in the severed case and Philip J. Rivkin, Fuelstreamers Group, Greendiesel Trading S.A., Petroethanol LLC, Petro Constructors Pvt, Ltd., Petro Constructors LLC, and Sterling Energy LLC will be the defendants in the new action, which is to be styled *VicNRG LLC v. Philip J. Rivkin, Fuelstreamers Group, Greendiesel Trading S.A., Petroethanol LLC, Petro Constructors Pvt, Ltd., Petro Constructors LLC, and Sterling Energy LLC* and to have docket number C-201305124-A.

IT IS FURTHER ORDERED that the clerk prepare certified copies of the following documents in the instant case for the severed case:

1. VicNRG LLC's Original Petition

2. VicNRG LLC's First Amended Petition

3. Return of Citation for Service on Philip Rivkin

4. Return of Citation for Service on Petro Constructors LLC

5. Motion for Rule 106 Service on Philip Rivkin

6. Order dated July 24, 2012 re: 106 service

7. Return of Citation for Service on Texas Secretary of State (for Fuelstreamers Group)

8. Return of Citation for Service on Texas Secretary of State (for Greendiesel Trading S.A.)

9. Return of Citation for Service on Texas Secretary of State (for Petroethanol LLC)

10. Return of Citation for Service on Texas Secretary of State (for Petro Constructors Pvt Ltd.)

11. Return of Citation for Service on Texas Secretary of State (for Sterling Energy LLC)

12. Motion to Transfer Venue, Motion to Vacate Appointment of Receiver and Original Answer of Green Diesel, LLC and Fuel Streamers, Inc.

13. Motion to Transfer Venue and Subject Thereto, General Denial of FCStone, LLC and FCStone Trading, LLC

14. Order on Defendants' Motion to Transfer Venue

15. Plaintiff's Motion for Entry of Default Judgment

16. Default Judgment

17. Plaintiff's Unopposed Motion to Correct Judgment

18. Order on Motion to Correct Judgment

19. Interlocutory Default Judgment

20. Plaintiff's Motion for Severance of Actions

21. Plaintiff's Unopposed Motion for Severance of Actions

22. Order dated July 23, 2012 (appointing receiver)

23. Bond dated July 23, 2012

24. Order dated Sept. 4, 2012 (denying motion to vacate appointment of receiver)

25. Order dated Sept. 4, 2012 (regarding bond under Tex. R. Civ. P. 695a)

26. Bond dated Sept. 7, 2012

27. Order Nunc Pro Tunc dated Sept. 27, 2012 (amending order appointing receiver)

28. Order dated Sept. 27, 2012 (on receiver's request for approach)

29. Oder dated Oct. 11, 2012 (on receiver's motion to sell property)

30. Order dated Oct. 11, 2012 (on receiver's application for fees)

31. Order dated Oct. 11, 2012 (on receiver's motion to modify order appointing receiver)

32. Order dated Oct. 11, 2012 (on receiver's second motion to modify order appointing receiver)

33. Order dated May 24, 2013 (on receiver's motion to sell certain property—generator)

34. Order dated May 24, 2013 (on receiver's motion to sell certain property—West Hardy Rd.)

35. Order dated Aug. 9, 2013 (on receiver's motion to sell property)

36. This Order of Severance.

IT IS FURTHER ORDERED that this order of severance does not affect the receivership created in this case to take possession of, manage, and prevent the dissipation of the assets of the certain parties. Accordingly, the receivership shall continue for the severed parties (Philip J. Rivkin, Fuelstreamers Group, Greendiesel Trading S.A., Petroethanol LLC, Petro Constructors Pvt, Ltd., Petro Constructors LLC, and Sterling Energy LLC) in the severed case and shall further continue for the non-severed parties in receivership in the present case (Green Diesel, LLC and Fuel Streamers, Inc.). Unless further amended by order of this court or the court in the severed case, the receiver shall possess the same powers granted by this court through the present date that are enumerated in the various orders set out in the paragraph above (document numbers 22 and 27-35) and those orders are hereby incorporated by reference into this order.

IT IS FURTHER ORDERED that this order of severance does not affect the claims of the remaining parties to the instant case, does not cause a realignment of the parties in the case, and that as a result of this order of severance, the style of the instant case shall hereafter be styled *VicNRG LLC v. Green Diesel, LLC, Fuel Streamers, Inc., FCStone, LLC, and FCStone Trading, LLC.*

SIGNED this 7th day of November 11·7·13, 2013.

_____
Judge Presiding

**2013- 05124**

CAUSE NO. ~~133-200110-12~~

**P1
7a**

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF | § | |
| | § | |
| vs | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § | |
| GREEN DIESEL, LLC, | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC, | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | 334th DISTRICT COURT |

### PROPOSED ORDER

This matter came before the Court for hearing on March 14, 2014, on Defendants

**11-1**        **12-1**

FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.'s (together "FCStone")

Traditional and No-Evidence Motion for Summary Judgment   The Court, having considered

~~the various replies, sur-replies and objections to evidence~~

Defendant's Motion, Plaintiffs' Response, and arguments by counsel, holds that FCStone's

Traditional and No-Evidence Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

Signed this _1st_ day of _August_ , 2014.

_____
Judge Grant Dorfman

Certified Document Number: 61843473 - Page 1 of 1

DAI 804048v 1

**EXHIBIT
3**

tabbies®

16-1

CONFIRMED FILE DATE: 4/3/2014

# TRANSMITTAL FORM FOR SEVERANCES

COMPLETE THIS FORM AND ATTACH COPY OF SEVERANCE ORDER TO THE INSIDE OF THE FILE JACKET; FORWARD FILE TO CIVIL INTAKE. *THIS FORM MUST REMAIN WITH THE FILE UNTIL FEE ADJUSTMENT HAS BEEN COMPLETED BY FEE ACCOUNTING.*

Severance Cause Number  **2013-05124A**  Court·  **334**TH  Case Type  **Severance**

Original File Date·  **1.28.2013**  Date Severance Order Signed  **11.7.2013**

STYLE·  **VICNRG LLC  VS.  RIVKIN, PHILIP J., FUELSTREAMERS GROUP, GREENDIESEL TRADING S.A., PETROETHANOL LLC, PETRO CONSTRUCTORS PVT, LTD., PETRO CONSTRUCTORS LLC, AND STERLING ENERGY LLC**

Severance Case Status (check one)  FINAL  X PENDING  OTHER

Disposal Code _____  or  Activity Code _____

Fee Code & Disposal Date _____  or  Activity Date _____

IF ANY ORIGINAL FEES WERE TRANSFERRED TO THE SEVERED SUIT, PLEASE PROVIDE RECEIPT AND TRANSACTION NUMBER(S) FROM PARENT SUITE.

## COSTS/MISCELLANEOUS FEES

Receipt Number _____  Fee· $ _____  Description _____  Amount. _____

Transaction Number _____  Fee Code ____  Description _____  Amount _____

Receipt Number. _____  Fee· $ _____  Description _____  Amount _____

Transaction Number _____  Fee Code. ____  Description· _____  Amount· _____

COSTS OF SUIT ASSESSED TO:  COSTS OF CERTIFIED COPIES ASSESSED TO:

Name  **Daniel Blumberg**  Amount  **N/A**
Address  **1119 West Randol Mill Road #101**  Address  **N/A**
**Arlington, TX 76012**
**#02512985**

Danielle N. Jimenez  **JUHK7**  **4.3.2014**
Clerk Preparing Form  FCN  Date

_____  _____  _____
Assessment Clerk  FCN  Date

_____  _____  _____
Adjustment Clerk  FCN  Date

Unofficial Copy Office of Chris Daniel District Clerk

FILED
Chris Daniel
District Clerk
APR -3 2014
Time: _____
By _____
Harris County, Texas
Deputy

**EXHIBIT**
Appen 4 049

**GRANT DORFMAN**
JUDGE, 334TH DISTRICT COURT
HARRIS COUNTY COURTHOUSE
HOUSTON, TEXAS 77002

06/26/2014

TO ALL COUNSEL AND PRO SE PARTIES

Court records indicate that this case is eligible for DISMISSAL FOR WANT OF PROSECUTION because one or more defendants have failed to file an answer in this case  The case will be DISMISSED FOR WANT OF PROSECUTION, unless one of the following actions is taken by AUGUST 27, 2014

1  A Default Judgment is signed,
2  All Defendants have answered, or
3  A verified Motion to Retain is filed  All motions to retain must be set for SUBMISSION on SEPT  17,2014 AT 9 00 A M  Please include an order and notice with the motion

If you have any questions regarding this notice, please contact the Court Coordinator,  Walter Bucko  at (713) 368-6492  Thank you for your prompt attention to this matter

Unofficial Copy Office of Chris Daniel District Clerk

GRANT DORFMAN
Judge, 334TH DISTRICT COURT

CASE - 201305124A        FILED - 20130128        COURT - 334th
TYPE - DAMAGES (OTH)
VICNRG LLC (A TEXAS  VS GREEN DIESEL LLC (A

2512985

DANIEL EDWARD BLUMBERG
2304 WEST INTERSTATE 20, SUITE 190
ARLINGTON, TX  76017



**EXHIBIT**
**5**
Appendix 050

Cause No. 201305124A

| | | |
|---|---|---|
| VICNRG LLC,<br>    Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| v. | §<br>§<br>§ | |
| PHILIP J. RIVKIN,<br>FUELSTREAMERS GROUP,<br>GREENDIESEL TRADING S.A.,<br>PETROETHANOL LLC,<br>PETRO CONSTRUCTORS PVT, LTD.,<br>PETRO CONSTRUCTORS LLC,<br>STERLING ENERGY LLC,<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | HARRIS COUNTY, TEXAS<br><br><br>334TH DISTRICT COURT |

---

### PLAINTIFF'S MOTION TO RETAIN

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff VicNRG LLC (VicNRG) files this, its Motion to Retain, and in support of the same would respectfully show unto the Court the following:

1.      VicNRG is in receipt of the Court's Notice of Dismissal for Want of Prosecution dated June 26, 2014. The instant case was severed from *VicNRG LLC v. Green Diesel, LLC, et al.*, which is designated as cause number 201305124 in the 334th District Court of Harris County, Texas. A default judgment was taken against Defendants Philip J. Rivkin, Fuelstreamers Group, GreenDiesel Trading S.A., PetroEthanol LLC, Petro Constructors PVT, LTD, Petro Constructors LLC and Sterling Energy, LLC in the original case, and an Order of Severance was granted in that cause

**EXHIBIT 6**

on November 7, 2013 that transferred the non-answering Defendants (the severed Defendants) to the present, severed case. *Exhibit 1.*

2. Meanwhile, the Court appointed a receiver in the original case on July 23, 2012 over all of the Defendants in that case with the exception of FCStone, LLC and its affiliates. The Order of Severance reflects that the receiver shall continue to function in the role of receiver in the original case over certain non-severed parties and as receiver for the severed Defendants in the present case. The receiver's powers also extend to Green Diesel Corporation, Noblewood Properties, LLC, and Noblewood Aviation, LLC which are parties that are partially or wholly owned or controlled by one or more of the severed Defendants, as well as assets and liabilities of other entities that are affiliated with one or more of the severed Defendants.

3. VicNRG deems it necessary to retain the case on the docket for the purpose of allowing the receiver to continue to serve in the capacity of receiver for the severed Defendants. Because of the severed Defendants' relationship with the parties who are in receivership in cause number 201305124 (i.e., Green Diesel, LLC and Fuel Streamers, Inc.) and their relationship with the other companies and assets and liabilities described above, it is essential that the receiver be allowed to continue his activities to take possession of, manage, and prevent the dissipation of assets of all of these parties. As a case in point, the receiver recently filed an Application to Approve Settlement involving an out-of-state litigation currently pending against one of the severed Defendants. Therefore, it is highly premature to dismiss this suit while significant unfinished business remains in connection with the severed Defendants. For these reasons, there is good cause to maintain the present case on the Court's docket. TEX. R. CIV. P. 165a.

Appendix 052

PRAYER

WHEREFORE, Plaintiff VicNRG LLC requests that the Court retain the present case on the Court's docket, and that it be granted such other and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.


by:   /s/Peter F. Bagley
     Peter F. Bagley
     Texas Bar No. 00783581
2304 West Interstate 20, Ste. 190
Arlington, Texas 76017
(817) 277-1300
Facsimile (817) 277-1170
ATTORNEYS FOR PLAINTIFF
peter@blumbergbagley.com

Unofficial Copy Office of Chris Daniel District Clerk

Appendix 053

## VERIFICATION

THE STATE OF TEXAS      §
                             §

THE COUNTY OF TARRANT      §

         BEFORE ME, the undersigned Notary Public in and for the State of Texas, on this day appeared Peter F. Bagley, who is personally known to me and who, after being duly sworn, stated on his oath that he is one of the attorneys representing VicNRG, LLC, Plaintiff in the above-referenced cause, and that all of the facts in the foregoing pleading are within the knowledge of affiant and true and correct.

                                           Peter F. Bagley

SWORN AND SUBSCRIBED TO BEFORE ME on this 18th day of July, 2014.

                                  Notary Public in and for the State of Texas

ALISON MARIE ETHERLY
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
12-04-2016

Unofficial Copy Office of Chris Daniel District Clerk



Cause No. 203305124A

| | | |
|---|---|---|
| VICNRG LLC, <br> Plaintiff | § <br> § <br> § <br> § | IN THE DISTRICT COURT |
| v. | § <br> § | |
| PHILIP J. RIVKIN, <br> FUELSTREAMERS GROUP, <br> GREENDIESEL TRADING S.A., <br> PETROETHANOL LLC, <br> PETRO CONSTRUCTORS PVT, LTD., <br> PETRO CONSTRUCTORS LLC, <br> STERLING ENERGY LLC, <br> Defendants | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | HARRIS COUNTY, TEXAS <br><br> 334TH DISTRICT COURT |

## ORDER ON MOTION TO RETAIN

On this day came to be presented the Motion to Retain of Plaintiff VicNRG, LLC in the above-styled and numbered cause. After due consideration, the Court finds that the motion should be granted.

IT IS THEREFORE ORDERED that the instant case shall be retained on the Court's docket.

SIGNED: **SEP 1 8 2014** _____, 2014.

_____
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk



EXHIBIT
7
Appendix 055

Cause No. C-201305124

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF. | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § | |
| GREEN DIESEL, LLC, | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC. | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | 334th DISTRICT COURT |

## FCSTONE'S UNOPPOSED MOTION TO SEVER

Pursuant to Rule 41 of the Texas Rules of Civil Procedure, Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone") respectfully move to sever all claims and causes of action alleged against FCStone and for entry of final judgment as to those claims and causes of action. VicNRG does not oppose this Motion.

Plaintiff VicNRG LLC filed the instant action against numerous defendants. On August 1, 2014, the Court granted summary judgment on all causes of action alleged against FCStone. This ruling, in VicNRG's words, "had the effect of removing FCStone from this case." Plt.'s 9/10/14 Mot. Enlarge at 1.

The Court should sever VicNRG's action against FCStone from VicNRG's claims against the remaining defendants to permit entry of a final and appealable judgment as to FCStone. *See Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995) (severance proper after partial summary judgment to obtain final and appealable judgment, and should be sought when a judgment disposes of one party); *Guidry v. National Freight, Inc.*, 944 S.W.2d 807, 812


EXHIBIT
8
Appendix 056

(Tex.App. – Austin 1997, no writ) (summary judgment in favor of one defendant severed from claims pending against other defendants). VicNRG does not oppose this Motion.

For these reasons, FCStone respectfully requests that the Court order the cause between Plaintiff and Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone") be severed and made the subject of a separate suit; that the Court sign a Final Judgment in the severed case making the Interlocutory Order granting summary judgment previously entered herein final; and that FCStone be granted any and all other relief to which it may show itself entitled.

Respectfully submitted,

By: /s/ Mark K. Glasser

Mark K. Glasser
State Bar No. 08014500
Tracy N. LeRoy
State Bar No. 24062847

SIDLEY AUSTIN, LLP
1000 Louisiana, Suite 6000
Wells Fargo Plaza
Houston, Texas 77002
713-495-4500 (telephone)
713-495-7799 (facsimile)
mglasser@sidley.com
tleroy@sidley.com

David Hoffman (admitted pro hac vice)
Illinois State Bar No. 6229441
Kees Vandenberg (admitted pro hac vice)
Illinois State Bar No. 6301079

SIDLEY AUSTIN, LLP
One South Dearborn
Chicago, Illinois 60606
(312) 853-7000 (telephone)
(313) 853-7036 (facsimile)
david.hoffman@sidley.com
c.vandenberg@sidley.com

2

Unofficial Copy Office of Chris Daniel District Clerk

**COUNSEL FOR DEFENDANTS FCSTONE, LLC,
FCSTONE TRADING, LLC, and FCSTONE GROUP,
INC.**

## CERTIFICATE OF CONFERENCE

I certify that the undersigned counsel contacted Peter Bagley, counsel for VicNRG by telephone regarding the substance of this Motion on September 15, 2014, and Mr. Bagley indicated by e-mail on September 17, 2014, that VicNRG does not oppose this Motion.

By: /s/ Tracy N. LeRoy

3

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing documents was forwarded to all counsel of record on the 6th day of October, 2014, by electronic mail and U.S. mail.

Daniel E. Blumberg
Peter F. Bagley
Blumberg & Bagley, L.L.P.
2304 W. Interstate 20, Suite 190
Arlington, Texas 76017
Tel:   (817) 277-1500
Fax:  (817) 277-1170

W. Joel Bryant
P.O. Box 53587
Houston, Texas 77052
Tel:   (713) 227-7377
Fax:  (713) 227-7977

David A. Fettner
Fettner Thompson
6700 Sands Point Dr.
Houston, Texas 77074
Tel:   (713) 626-7277
Fax:  (888) 876-2292

James T. Drakeley
R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001

Ashish Mahendru
Mahendru P.C.
111 Bagby, Suite 2200
Houston, Texas 77002

By: /s/ Mark K. Glasser

4

Cause No. C-201305124-___

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF. | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC. | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | |
| | § | 334th DISTRICT COURT |

### PROPOSED FINAL JUDGMENT AS TO FCSTONE

This matter came before the Court for hearing on March 14, 2014, on Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.'s (together "FCStone") Traditional and No-Evidence Motion for Summary Judgment. The Court, having considered Defendant's Motion, Plaintiff's Response, the various replies, surreplies, and objections to evidence, and argument by counsel GRANTED FCStone's Traditional and No-Evidence Motion for Summary Judgment by its August 1, 2014 Order. The Court granted FCStone's Unopposed Motion to Sever on October ____, 2014. The Court FURTHER ORDERS that this action be DISMISSED WITH PREJUDICE. This Judgment is final and disposes of all claims and parties.

Signed this ___ day of October, 2014.

_____
Judge Grant Dorfman

10



EXHIBIT
9
Appendix 060

Cause No. C-201305124

VICNRG LLC,                              §       IN THE DISTRICT COURT OF
                                        §
    PLAINTIFF.                          §
                                        §
vs.                                     §
                                        §
                                        §       HARRIS COUNTY, TEXAS
                                        §
FUEL STREAMERS INC.,                    §
GREEN DIESEL, LLC,                      §
FCSTONE, LLC,                           §
FCSTONE TRADING, LLC AND                §
FCSTONE GROUP, INC.                     §
                                        §
    DEFENDANTS.                         §
                                        §       334th DISTRICT COURT

### ORDER GRANTING FCSTONE'S UNOPPOSED MOTION TO SEVER

This matter comes before the Court on the Unopposed Motion to Sever filed by

Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together

"FCStone"). The Court having considered the pleadings and arguments of counsel, is of the

opinion that the Motion should be granted.

IT IS THEREFORE ORDERED that the claims VicNRG LLC asserted against

Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. are severed from

this action and made the subject of a separate action.

IT IS FURTHER ORDERED that VicNRG LLC will be the plaintiff in the severed case

and FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. will be the defendants in

the new action, which is to be styled VicNRG LLC v. FCStone, LLC, FCStone Trading, LLC,

and FCStone Group, Inc. and to have docket number C-201305124-__.

IT IS FURTHER ORDERED that the clerk make certified copies of the following

documents in the instant case for the severed case:

5



EXHIBIT
10
Appendix 061

| Document File Date | Document Description |
|---|---|
| 07/03/2012 | Original Petition |
| 10/12/2012 | First Amended Petition |
| 01/28/2013 | Motion to Transfer Venue and Subject Thereto, General Denial of FCStone, LLC, and FCStone Trading, LLC |
| 01/28/2013 | Plaintiff's Response to the Motions to Transfer Venue of Defendants |
| 01/28/2013 | Plaintiff's Motion to Reconsider Order Transferring Venue |
| 01/28/2013 | Defendants FCStone, LLC, and FCStone Trading, LLC's Response to Plaintiff's Motion to Reconsider Order Transferring Venue |
| 04/18/2013 | Notice of Change of Address (Counsel for FCStone) |
| 06/25/2013 | Rule 11 Agreement re VICNRG Documents Produced |
| 09/30/2013 | Rule 11 Agreement re Extension of Deadline FCStone to Respond to Discovery & FCStone's Production |
| 10/17/2013 | Rule 11 Agreement re Extension of Deadline VICNRG to Respond to Discovery |
| 11/14/2013 | Second Amended Petition |
| 11/22/2013 | Plaintiff's Motion to Quash Depositions |
| 11/25/2013 | Motion for Admission Pro Hac Vice of David Hoffman |
| 11/25/2013 | Motion for Admission Pro Hac Vice of Cornelius Adrian Vandenberg |
| 12/04/2013 | Citation: FCStone Group, Inc. |
| 12/30/2013 | General Denial of FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. to Plaintiff's Second Amended Petition |
| 02/05/2014 | Plaintiff's First Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/06/2014 | Rule 11 Agreement re Compliance with Protective Order |
| 02/07/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment, Notice of Oral Hearing & Appendix of Unpublished Legal Authorities |

6

Appendix 062

| Document File Date | Document Description |
|---|---|
| 02/07/2014 | FCStone's Motion to File Under Seal |
| 02/10/2014 | FCStone's Motion to Quash Notices of Deposition of Nathaniel Burk, Christopher Jagoda, Matthew Upmeyer, and FCStone |
| 02/11/2014 | Plaintiff's Amended Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/17/2014 | FCStone's Designation of Expert Witnesses |
| 02/18/2014 | FCStone's Opposition to VICNRG's Motion to Continue Hearing on Motion for Summary Judgment |
| 02/18/2014 | Rule 11 Agreement re Extension of trial date and discovery deadlines |
| 02/21/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 02/21/2014 | Withdrawal of Motion to File Under Seal |
| 02/27/2014 | VICNRG's Unopposed Motion for Continuance of Trial Setting |
| 03/07/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/07/2014 | Plaintiff's Objections to FCStone's Summary Judgment Evidence |
| 03/07/2014 | VICNRG's Motion to file Under Seal Pursuant to Protective Order |
| 03/11/2014 | FCStone Defendants' Objections to VICNRG's Summary Judgment Evidence |
| 03/11/2014 | Response to VICNRG's Objections to FCStone's Summary Judgment Evidence |
| 03/11/2014 | Reply in Support of FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/13/2014 | FCStone Defendants' Motion to Strike VICNRG's Unauthorized Surreply |
| 03/13/2014 | Plaintiff VICNRG Surreply to Defendant FCStone's Reply to VICNRG's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/18/2014 | FCStone Defendants' Motion for Leave to File Additional Summary |

7

| Document File Date | Document Description |
|---|---|
| | Judgment Evidence |
| 03/25/2014 | Rule 11 Agreement Extending Discovery |
| 03/25/2014 | VICNRG's Withdrawal of Motion to File Under Seal Pursuant to Protective Order |
| 03/28/2014 | Response to VICNRG's Surreply to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/28/2014 | Plaintiff VICNRG LLC's Post-Hearing Brief |
| 04/04/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 06/03/2014 | Notice of Oral Hearing on FCStone's Motion for Protection and to Quash Notices of Deposition |
| 06/03/2014 | FCStone's Motion for Protection and to Quash Notices of Deposition |
| 06/05/2014 | Plaintiff VICNRG's Response to FCStone's Motion for Protection and VICNRG LLC's Motion to Compel Depositions |
| 06/17/2014 | FCStone's Response to VICNRG's Motion to Compel and Reply in Support of Motion for Protection and to Quash |
| 06/19/2014 | Plaintiff VICNRG LLC's Sur-Reply to FCStone's Motion for Protection and Reply in Support of VICNRG LLC's Motion to Compel Depositions |
| 07/30/2014 | Rule 11 Agreement re extension deadlines & setting of deadlines |
| 8/01/2014 | Order granting Summary Judgment |

IT IS FURTHER ORDERED that this order of severance does not affect the claims of the remaining parties to the instant case, does not cause a realignment of parties in the case, and that as a result of this order of severance, the style of the instant case shall hereafter be styled

VicNRG LLC v. Green Diesel, LLC and Fuel Streamers, Inc.

8

Signed this ___ day of October, 2014.

                                                          _____

Judge Grant Dorfman

Unofficial Copy Office of Chris Daniel District Clerk

9

Cause No. 201305124

| | | |
|---|---|---|
| VICNRG LLC,<br>Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| GREEN DIESEL, LLC and | § | |
| FUEL STREAMERS, INC.,<br>Defendants | § | 334TH DISTRICT COURT |

---

## PLAINTIFF'S REQUEST FOR ADDITIONAL DOCUMENTS TO BE INCLUDED AS RECORDS IN SEVERED CASE

---

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff VicNRG LLC files this, its Request for Additional Documents to be Included as Records in Severed Case, and in support of the same would respectfully show the Court the following:

Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. ("FCStone") filed their Motion to Sever on October 6, 2014. Plaintiff does not oppose the motion. However, FCStone's proposed order of severance omits several documents that VicNRG believes should be included as documents in the severed case. The omitted documents are:

| Document File Date | Document Description |
|---|---|
| 1-28-13 | Citation—FCStone Trading, LLC (Image No. 54798579) |
| 1-28-13 | Citation—FCStone, LLC (Image No. 54798611) |
| 1-28-13 | Order of Transfer dated Nov. 6, 2012 |
| 2-12-14 | Order Approving Stipulation (Signed Protective Order) |
| 1-17-14 | Plaintiff's Designation of Expert Witnesses |



Page | 1

Appendix 066

Unofficial Copy Office of Chris Daniel District Clerk

| 3-3-14 | Order Granting Trial Continuance |
|---|---|
| 3-7-14 | Appendix of Unpublished Legal Authorities in Support of VicNRG's Response |
| 3-13-14 | Appendix of Unpublished Legal Authorities in Support of VicNRG's Surreply |
| 6-30-14 | Order Denying Protection from Discovery Request/Compelling Deposition Appearance |
| 7-14-14 | Plaintiff's Supplemental Designation of Experts |
| 10-10-14 | VicNRG's Request for Additional Documents |

## PRAYER

WHEREFORE, Plaintiff VicNRG LLC requests that the court clerk make certified copies

of the above documents to be included with the severed case, and that it be granted such other

and further relief to which it may show itself to be justly entitled.

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.


by:     /s/Peter F. Bagley
      Daniel E. Blumberg
      Texas Bar No. 02512985
      Peter F. Bagley
      Texas Bar No. 00783581
2304 West Interstate 20, Ste. 190
Arlington, Texas 76017
(817) 277-1500
Facsimile (817) 277-1170
daniel@blumbergbagley.com
peter@blumbergbagley.com

and

**HIERSCHE, HAYWARD, DRAKELEY & URBACH, P.C.**
James T. Drakeley
Texas Bar No. 06111600
R. Scott Seifert

Page | 2

Unofficial Copy Office of Chris Daniel District Clerk

Texas Bar No. 24003860
Laurie N. Arnoldy
Texas Bar No. 24003860
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Tel: 972-701-7000
Fax: 972-701-8765
jdrakeley@hhdulaw.com
sseifert@hhdulaw.com
larnoldy@hhdulaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that true copies of the foregoing Plaintiff's Request for Additonal Documents were served on the following on this the 15th day of October 2014 in accordance with the Texas Rules of Civil Procedure via the means indicated below:

VIA ELECTRONIC SERVICE
Mr. James T. Drakeley
Mr. R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
Facsimile (972) 701-8765
*Co-Counsel for Plaintiff VickRG LLC;*

VIA ELECTRONIC SERVICE
Mr. W. Joel Bryant
P.O. Box 53587
Houston, Texas 77052
Facsimile (713) 227-7977
*Counsel for Defendants Green Diesel LLC
and Fuel Streamers, Inc.;*

VIA ELECTRONIC SERVICE
Mr. Mark Glasser
Ms. Tracy LeRoy
Sidley LLP
600 Travis Street, 31st Floor
Houston, Texas 77002
Facsimile (713) 315-9119
*Counsel for Defendants
FCStone, LLC and FCStone Trading, LLC; and*

Appendix 068

VIA ELECTRONIC SERVICE
Mr. David A. Fettner
Fettner Thompson, P.C.
6700 Sands Point Drive
Houston, Texas 77027
Facsimile (713) 627-9989
*Court-Appointed Receiver*

s/Peter F. Bagley
Peter F. Bagley

Unofficial Copy Office of Chris Daniel District Clerk

Appendix 069

Cause No. C-201305124

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF. | § | |
| | § | |
| vs. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| FUEL STREAMERS INC., | § | |
| GREEN DIESEL, LLC, | § | |
| FCSTONE, LLC, | § | |
| FCSTONE TRADING, LLC AND | § | |
| FCSTONE GROUP, INC. | § | |
| | § | |
| DEFENDANTS. | § | |
| | § | 334th DISTRICT COURT |

## ORDER GRANTING FCSTONE'S UNOPPOSED MOTION TO SEVER

This matter comes before the Court on the Unopposed Motion to Sever filed by Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone"). The Court having considered the pleadings and arguments of counsel, is of the opinion that the Motion should be granted.

IT IS THEREFORE ORDERED that the claims VicNRG LLC asserted against Defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. are severed from this action and made the subject of a separate action.

IT IS FURTHER ORDERED that VicNRG LLC will be the plaintiff in the severed case and FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. will be the defendants in the new action, which is to be styled VicNRG LLC v. FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. and to have docket number C-201305124B

IT IS FURTHER ORDERED that the clerk make certified copies of the following documents in the instant case for the severed case:

5


EXHIBIT
12

| Document File Date | Document Description |
|---|---|
| 07/03/2012 | Original Petition |
| 10/12/2012 | First Amended Petition |
| 01/28/2013 | Citation – FCStone Trading, LLC (Image No. 54798579) |
| 01/28/2013 | Citation – FCStone, LLC (Image No. 54798611) |
| 01/28/2013 | Motion to Transfer Venue and Subject Thereto, General Denial of FCStone, LLC, and FCStone Trading, LLC |
| 01/28/2013 | Plaintiff's Response to the Motions to Transfer Venue of Defendants |
| 01/28/2013 | Plaintiff's Motion to Reconsider Order Transferring Venue |
| 01/28/2013 | Defendants FCStone, LLC, and FCStone Trading, LLC's Response to Plaintiff's Motion to Reconsider Order Transferring Venue |
| 01/28/2013 | Order of Transfer dated November 6, 2012 |
| 04/18/2013 | Notice of Change of Address (Counsel for FCStone) |
| 06/25/2013 | Rule 11 Agreement re VICNRG Documents Produced |
| 09/30/2013 | Rule 11 Agreement re Extension of Deadline FCStone to Respond to Discovery & FCStone's Production |
| 10/17/2013 | Rule 11 Agreement re Extension of Deadline VICNRG to Respond to Discovery |
| 11/14/2013 | Second Amended Petition |
| 11/22/2013 | Plaintiff's Motion to Quash Depositions |
| 11/25/2013 | Motion for Admission Pro Hac Vice of David Hoffman |
| 11/25/2013 | Motion for Admission Pro Hac Vice of Cornelius Adrian Vandenberg |
| 12/04/2013 | Citation: FCStone Group, Inc. |
| 12/30/2013 | General Denial of FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. to Plaintiff's Second Amended Petition |
| 1/17/2014 | Plaintiff's Designation of Expert Witnesses |

6

| | |
|---|---|
| 02/05/2014 | Plaintiff's First Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/06/2014 | Rule 11 Agreement re Compliance with Protective Order |
| 02/07/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment, Notice of Oral Hearing & Appendix of Unpublished Legal Authorities |
| 02/07/2014 | FCStone's Motion to File Under Seal |
| 02/10/2014 | FCStone's Motion to Quash Notices of Deposition of Nathaniel Burk, Christopher Jagoda, Matthew Upmeyer, and FCStone |
| 02/11/2014 | Plaintiff's Amended Motion for Continuance and Plaintiff's Motion for Expedited Hearing of the Same |
| 02/12/2014 | Order Approving Stipulation (signed Protective Order) |
| 02/17/2014 | FCStone's Designation of Expert Witnesses |
| 02/18/2014 | FCStone's Opposition to VICNRG's Motion to Continue Hearing on Motion for Summary Judgment |
| 02/18/2014 | Rule 11 Agreement re Extension of trial date and discovery deadlines |
| 02/21/2014 | FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 02/21/2014 | Withdrawal of Motion to File Under Seal |
| 02/27/2014 | VICNRG's Unopposed Motion for Continuance of Trial Setting |
| 03/3/2014 | Order Granting Trial Continuance |
| 03/07/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |

7

| | |
|---|---|
| 03/07/2014 | Plaintiff's Objections to FCStone's Summary Judgment Evidence |
| 03/07/2014 | VICNRG's Motion to file Under Seal Pursuant to Protective Order |
| 03/7/2014 | Appendix of Unpublished Legal Authorities in Support of VicNRG's Response |
| 03/11/2014 | FCStone Defendants' Objections to VICNRG's Summary Judgment Evidence |
| 03/11/2014 | Response to VICNRG's Objections to FCStone's Summary Judgment Evidence |
| 03/11/2014 | Reply in Support of FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/13/2014 | FCStone Defendants' Motion to Strike VICNRG's Unauthorized Surreply |
| 03/13/2014 | Plaintiff VICNRG Surreply to Defendant FCStone's Reply to VICNRG's Response to FCStone's Traditional and No-Evidence Motion for Summary Judgment |
| 03/13/2014 | Appendix of Unpublished Legal Authorities in Support of VicNRG's Surreply |
| 3/18/2014 | FCStone Defendants' Motion for Leave to File Additional Summary Judgment Evidence |
| 03/25/2014 | Rule 11 Agreement Extending Discovery |
| 03/25/2014 | VicNRG's Withdrawal of Motion to File Under Seal Pursuant to Protective Order |
| 03/28/2014 | Response to VICNRG's Surreply to FCStone's Traditional and No- Evidence Motion for Summary Judgment |
| 03/28/2014 | Plaintiff VicNRG LLC's Post-Hearing Brief |
| 04/04/2014 | Plaintiff VICNRG LLC's Response to FCStone's Traditional and No- Evidence Motion for Summary Judgment |

8

| 06/03/2014 | FCStone's Motion for Protection and to Quash Notices of Deposition |
|---|---|
| 06/03/2014 | Notice of Oral Hearing on FCStone's Motion for Protection and to Quash Notices of Deposition |
| 06/05/2014 | Plaintiff VICNRG's Response to FCStone's Motion for Protection and VICNRG LLC's Motion to Compel Depositions |
| 06/17/2014 | FCStone's Response to VICNRG's Motion to Compel and Reply in Support of Motion for Protection and to Quash |
| 06/19/2014 | Plaintiff VICNRG LLC's Surreply to FCStone's Motion for Protection and Reply in Support of VICNRG LLC's Motion to Compel Depositions |
| 06/30/2014 | Order Denying Protection from Discovery Request/Compelling Deposition Appearance |
| 07/14/2014 | Plaintiff's Supplemental Designation of Experts |
| 07/30/2014 | Rule 11 Agreement re extension deadlines & setting of deadlines |
| 8/01/2014 | Order Granting Summary Judgment |
| 10/15/2014 | VicNRG's Request for Additional Documents |

IT IS FURTHER ORDERED that this order of severance does not affect the claims of the remaining parties to the instant case, does not cause a realignment of parties in the case, and that as a result of this order of severance, the style of the instant case shall hereafter be styled VicNRG LLC v. Green Diesel, LLC and Fuel Streamers, Inc.

Signed this 29th day of October, 2014.

10·29·14

_____
Judge Grant Dorfman

9

CONFIRMED FILE DATE: 10/29/2014

## TRANSMITTAL FORM FOR SEVERANCES

**COMPLETE THIS FORM AND ATTACH COPY OF SEVERANCE ORDER TO THE INSIDE OF THE FILE JACKET; FORWARD FILE TO CIVIL INTAKE. *THIS FORM MUST REMAIN WITH THE FILE UNTIL FEE ADJUSTMENT HAS BEEN COMPLETED BY FEE ACCOUNTING.***

Severance Cause Number: **2013-05124B**    Court: **334**<sup>TH</sup>    Case Type: **Severance**

Original File Date: **1.28.2013**    Date Severance Order Signed: **10.29.2014**

STYLE: **VICNRG LLC    VS.    FCSTONE, LLC; FCSTONE TRADING, LLC; FCSTONE GROUP, INC**

Severance Case Status (check one):    **FINAL**    **X    PENDING**    **OTHER**

Disposal Code: _____    or    Activity Code: _____

Fee Code & Disposal Date: _____    or    Activity Date: _____

### IF ANY ORIGINAL FEES WERE TRANSFERRED TO THE SEVERED SUIT, PLEASE PROVIDE RECEIPT AND TRANSACTION NUMBER(S) FROM PARENT SUITE.

### COSTS/MISCELLANEOUS FEES

Receipt Number: _____    Fee: $ _____    Description: _____    Amount: _____

Transaction Number: _____    Fee Code: _____    Description: _____    Amount: _____

Receipt Number: _____    Fee: $ _____    Description: _____    Amount: _____

Transaction Number: _____    Fee Code: _____    Description: _____    Amount: _____

**COSTS OF SUIT ASSESSED TO:**    **COSTS OF CERTIFIED COPIES ASSESSED TO:**

Name:    **Mark Glasser**    Amount: **N/A**
Address: **1000 Louisiana #6000**    Address: **N/A**
  **Houston, TX 77002**
  **#8014500**

**Danielle N. Jimenez**    **JUHK7**    **12.2.2014**
Clerk Preparing Form    FCN    Date

~~Assessment Clerk~~    9986838    ~~JU73)~~    12.9.14
Assessment Clerk    FCN    Date

_____    _____    _____
Adjustment Clerk    FCN    Date

# FILED
**Chris Daniel**
**District Clerk**

**OCT 2 9 2014**

Time: _____
Harris County, Texas

By _____
Deputy


**EXHIBIT**
*13*
Appendix 075

Welcome **Peter Bagley**  | Log Out |

powered by Google  | Enter keyword(s) | Search |

Home | Civil | Family | Criminal | Child Support | Online Services | HR | About Us | Court Registry | Copies | Jury | FAQs

[WS6] Home > Online Services > Search Our Records and Documents                Houston, Texas | February 03, 2015

## Quick Links

 Costs and Fees

Child Support Records

Jury Services

Search Our Records & Documents

Background Checks

FREEfax

e-Filing

Forms

Government Agencies

Historical Documents

How to Contact Us

District Clerk Biography

Order History

Update Address / Information

Attorney Vacation

Search Attorney Vacation

Change Password

## Search Results

Print Result(s)

**View Mobile Version**

Print Result(s)

Click on the style of the case (cause) to view detailed information for that case (cause) such as court costs, documents, case details, parties, and more. Only public cases will be shown, however no family documents will be available for review. No federal or other County's records, or Justice of the Peace or other Municipalities Class C Misdemeanor will be searched.

Click the icon for the case, to receive notifications of updates (non-family, civil cases only)

**FREE** fax  Click the icon to FREEfax File a case for all Civil District courts, the 280th and 310th Family District courts, and the 351st Criminal District court.

Total records returned from search is 3.

Page 1 of 1  **1**

| Case (Cause) Number | Style | File Date | Court | Case Region | Type Of Action / Offense | |
|---|---|---|---|---|---|---|
| 201305124- 7 Ready Docket | VICNRG LLC (A TEXAS LIMITED LIABILITY CO vs. GREEN DIESEL LLC (A DELAWARE LIMITED LIA | 1/28/2013 | 334 | Civil | PLEA OF PRIVILEGE | |
| 201305124A- 7 Active - Civil | VICNRG LLC (A TEXAS LIMITED LIABILITY CO vs. RIVKIN, PHILIP J | 1/28/2013 | 334 | Civil | SEVERANCE | |
| 201305124B- 7 Active - Civil | VICNRG LLC (A TEXAS LIMITED LIABILITY CO vs. FCSTONE, LLC | 1/28/2013 | 334 | Civil | SEVERANCE | |

Page 1 of 1  1

New Search

## Contact Information

Civil Courthouse
201 Caroline
Houston, TX 77002 **MAP**

**Mailing Address:**

Harris County District Clerk
P.O. Box 4651
Houston, Texas 77210

### Search Our Records and Documents

 Search our records and documents to view detailed case (cause) information including court, costs, location, documents, party information, and more.

### Forms

For your convenience, forms are available for downloading or printing. Click to locate the forms you will need.

### Government Agencies

 e-Gov allows users employed by government agencies to query and retrieve documents from their office.



EXHIBIT
**14**
Appendix 076

2/3/2015

# DOCUMENT 8

14-15-00194-C
FOURTEENTH COURT OF APPE
HOUSTON, TEX,
3/9/2015 2:09:47 P
CHRISTOPHER PF
CLEF

# Blumberg & Bagley, L.L.P.

## Attorneys

2304 West Interstate 20, Suite 190
Arlington, Texas 76017
www.blumbergbagley.com

**Peter F. Bagley**
Board Certified, Consumer and Commercial Law, Texas Board of Legal Specialization
Fellow, College of the State Bar of Texas

(817) 277-1500
Facsimile (817) 277-1170

March 9, 2015

Mr. Christopher Prine
Deuputy Clerk
14th Court of Appeals
Harris County District Clerk
301 Fannin, Suite 245
Houston, Texas 77002

      Re:     *VICNRG LLC v. FCStone, LLC et al.;* Appeal No. 14-15-00194-CV

Dear Clerk:

According to my call with your office, the above-referenced appeal has been assigned to the 14th Court of Appeals as an accelerated appeal. As counsel for Appellant VicNRG LLC, I am notifying you that I do not believe the case fits under any of the categories of accelerated appeals described by Tex. R. App. P. 28.1, and therefore I ask that the court treat this as a non-accelerated appeal.

You are advised that the parties have a disagreement about whether a final order exists in the underlying case. Appellees believe an October 2014 order of severance serves as a final judgment; we argue that the trial court must still sign a final judgment for the reasons indicated in our Motion for Entry of Final Judgment. The trial court has not ruled on the motion, but we filed a Conditional Notice of Appeal because we felt that if Tex. R. Civ. P. 306a applied, we had to file the notice of appeal by February 20, 2015. It is my understanding that a notice of appeal invokes the appellate court's jurisdiction regardless of how the notice of appeal is described. Tex. R. App. P. 25.1.

When I spoke to your office, I was advised that I had to speak to the trial court about the characterization of this appeal. Today I spoke to Phyllis Washington, the court's senior civil post-judgment/appeals clerk, with Danielle Jimenez, the court clerk, on the call. Ms. Washington advised me that this case remains an active case on the trial court's docket and that she can only show the appeal as an accelerated appeal because there is no final order in the case. Again, I do not believe rule 28.1 applies, and therefore I do not believe the deadlines associated with accelerated appeals apply. Please let me know if this case remains an accelerated case or if I must file a motion to recast the appeal.

Appendix 078

Yours sincerely,

/s/ Peter F. Bagley
Peter F. Bagley

PFB/dsa

cc:     VICNRG LLC

cc:     <u>VIA ELECTRONIC SERVICE</u>
        Mr. James T. Drakeley
        Mr. R. Scott Seifert
        Hiersche, Hayward, Drakeley & Urbach, P.C.
        15303 Dallas Parkway, Suite 700
        Addison, Texas 75001
        *Co-Counsel for Plaintiff VicNRG LLC*;

cc:     <u>VIA ELECTRONIC SERVICE</u>
        Mr. Mark K. Glasser
        Ms. Tracy LeRoy
        Sidley LLP
        1000 Lousiana, Ste. 6000
        Houston, Texas 77002
        *Counsel for Defendants*
        *FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.*

# DOCUMENT 9

14-15-00194-C
FOURTEENTH COURT OF APPE
HOUSTON, TEX.
3/12/2015 4:08:35 P
CHRISTOPHER PF
CLEf

CAUSE NO. 14-15-00194-CV

| | | |
|---|---|---|
| VICNRG LLC, | § | IN THE 14th COURT OF APPEALS |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| FCSTONE, LLC, FCSTONE TRADING, | § | |
| LLC and FCSTONE GROUP, INC., | § | HOUSTON, TEXAS |
| Defendants | | |

---

### APPELLANT'S MOTION TO ENLARGE DEADLINES

---

Appellant VicNRG LLC asks the Court to enlarge the present deadlines in this case.

1.     Appellant VicNRG filed a "Conditional Notice of Appeal" in the trial court on February 20, 2015. The underlying case is designated Cause No. 2013-05124B.

2.     Upon information and belief, the post-judgment clerk of the 334th District Court of Harris County apparently designated the case as an interlocutory appeal that activated the deadlines for accelerated appeals under Texas Rule of Appellate Procedure 28.1. According to notices that the undersigned counsel recently received from the Court, the reporter's record is due on today's date and the clerk's record is due on March 16, 2015.

3.     The Court is advised that the trial court only recently signed a final judgment in the underlying cause on March 10, 2015. See *Exhibit 1* attached. (Though the judgment uses the wrong name of the defendant in the case style, it is clear that the judgment pertains to the Appellees of the instant severed case, FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.) Accordingly, Appellant asks that the deadlines run from the date of the final judgment pursuant to Texas Rule of Appellate Procedure 35.1. *Id.*

4.     The Court is also advised that the reporter has indicated that the reporter's record is

completed and will be filed soon. The post-judgment clerk is still working on the clerk's record. In the meantime, the trial court's post-judgment clerk has advised me that she will be sending a communique with the Court advising it of the existence of the final judgment and to modify this appeal to a non-accelerated appeal.

5.     The Court has the authority under Texas Rule of Appellate Procedure 10 and 38.6(d) to enlarge the filing deadlines.

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.


by:  /s/Peter F. Bagley
       Peter F. Bagley
       Texas Bar No. 00783581
2304 W. Interstate 20, Suite 190
Arlington, Texas 76017
(817) 277-1500
Facsimile: (817) 277-1170
peter@blumbergbagley.com
ATTORNEYS FOR APPELLANT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Appellant's Motion to Enlarge Deadlines was served upon the following on this, the 12th day of March, 2015 in accordance with the Texas Rules of Appellate Procedure.

VIA ELECTRONIC SERVICE
Mr. James T. Drakeley
Mr. R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
*Co-Counsel for Plaintiff VicNRG LLC*;

VIA ELECTRONIC SERVICE
Mr. Mark K. Glasser

Ms. Tracy LeRoy
Sidley LLP
1000 Lousiana, Ste. 6000
Houston, Texas 77002
*Counsel for Defendants*
*FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.*

                                               s/ Peter F. Bagley
                                               Peter F. Bagley

Appendix 083

P1
86

Cause No. 2013-05124-B

| | | |
|---|---|---|
| VICNRG LLC | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | OF HARRIS COUNTY, T E X A S |
| | § | |
| GREEN DIESEL, LLC, et al. | § | 334TH JUDICIAL DISTRICT |

## FINAL JUDGMENT IN SEVERED CAUSE

ON THIS DAY the Court considered the Motion for Entry of Final Judgment in this severed cause, 2013-05124-B, filed by plaintiff VicNRG LLC ("VicNRG"). Upon consideration of the motion and the response thereto of defendants FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc. (together "FCStone"), the Court is of the opinion that the motion is well-taken and should be GRANTED. Accordingly, it is hereby

**ORDERED, ADJUDGED and DECREED** that FCStone's Traditional and No-Evidence Motion for Summary Judgment is hereby **GRANTED** (as previously ordered, on an interlocutory basis, by Order dated August 5, 2014). It is, further,

**ORDERED, ADJUDGED and DECREED** that VicNRG shall take nothing on its causes of action against FCStone. It is, further,

**ORDERED, ADJUDGED and DECREED** that FCStone be awarded all costs of court related to its defense herein. It is, further,

**ORDERED, ADJUDGED and DECREED** that this action be, and hereby is, **DISMISSED WITH PREJUDICE.** This is a Final Judgment that disposes of all claims and parties in this severed cause of action.

SIGNED this  10th  day of  March,  2015.

**FILED**
Chris Daniel
District Clerk

MAR 1 0 2015

Time:_____
Harris County, Texas
By_____
Deputy

_____
JUDGE GRANT DORFMAN

EXHIBIT
1
Appendix 014

# DOCUMENT 10

Cause No. 201305124B

| | | |
|---|---|---|
| VICNRG LLC,<br>Plaintiff | § <br> § <br> § | IN THE DISTRICT COURT |
| v. | § <br> § | HARRIS COUNTY, TEXAS |
| FCSTONE, LLC, FCSTONE TRADING,<br>LLC and FCSTONE GROUP, INC.,<br>Defendants | § <br> § <br> § <br> § | 334TH DISTRICT COURT |

---

## AMENDED NOTICE OF APPEAL

---

Pursuant to rule 25.1 of the Texas Rules of Appellate Procedure, Plaintiff VicNRG LLC

will appeal, and gives notice of its appeal, from the final judgment signed on March 10, 2015 in

VICNRG LLC v. FCStone, LLC, FCStone Trading, LLC and FCStone Group, Inc. in the 334th

District Court of Harris County, Texas, to the Fourteenth Court of Appeals, Houston, Texas.

Respectfully submitted,

BLUMBERG & BAGLEY, L.L.P.

by: /s/ Peter F. Bagley
    Peter F. Bagley
    Texas Bar No. 00783581
2304 West Interstate 20
Suite 190
Arlington, Texas 76017
(817) 277-1500
Facsimile (817) 277-1170

ATTORNEYS FOR PLAINTIFF

---

NOTICE OF APPEAL

Page | 1
Appendix 086

## CERTIFICATE OF SERVICE

By my signature below, I hereby certify that true copies of the above and foregoing Notice of Appeal were forwarded to the following via the means indicated below on this the 12th day of March, 2015:

VIA ELECTRONIC SERVICE
Mr. James T. Drakeley
Mr. R. Scott Seifert
Hiersche, Hayward, Drakeley & Urbach, P.C.
15303 Dallas Parkway, Suite 700
Addison, Texas 75001
*Co-Counsel for Plaintiff VicNRG LLC*;

VIA ELECTRONIC SERVICE
Mr. Mark K. Glasser
Ms. Tracy LeRoy
Sidley LLP
1000 Lousiana, Ste. 6000
Houston, Texas 77002
*Counsel for Defendants*
*FCStone, LLC, FCStone Trading, LLC, and FCStone Group, Inc.*

                              s/ Peter F. Bagley
                              Peter F. Bagley